### SMITH *v.* BAKER.

*Circuit Court, S. D. New York. July 5, 1884.)*

NEGLIGENTLY SPREADING CONTAGIOUS DISEASE—BOARDING-HOUSE—ACTION FOR DAMAGES.

Defendant took his children when they had whooping-cough, a contagious disease, to the boarding-house of plaintiff to board, and by reason of his negligence her child, and the children of other boarders, contracted the disease, whereby she was put to expense, care, and labor in consequence of her child's sickness, and sustained pecuniary loss by reason of boarders being kept away. *Held,* that defendant was liable for damages.

At Law.

*Francis S. Turner,* for plaintiff.

*Wheeler H. Peckham,* for defendant.

WHEELER, J. The defendant took his children, when they had whooping-cough, a contagious disease, to the boarding-house of the plaintiff to board, and exposed her child and children of other boarders to it, who took it. The jury have found that this was done without exercising due care to prevent taking disease into the boarding-house. She was put to expense, care, and labor in consequence of her child's having it, and boarders were kept away by the presence of it, whereby she lost profits. Words which import the charge of having a contagious distemper are, in themselves, actionable, because prudent people will avoid the company of persons having such distemper. Bac. Abr. "Slander," B 2. The carrying of persons infected with contagious diseases along public thoroughfares, so as to endanger the health of other travelers, is indictable as a nuisance. Add. Torts, § 297; *Rex v. Vantandillo,* 4 Maule & S. 73. Spreading contagious diseases among animals by negligently disposing

of, or allowing to escape, animals infected, is actionable. Add. Torts, (Wood's Ed.) 10, note; *Anderson* v. *Buckton*, 1 Strange, 192. A person sustaining an injury not common to others by a nuisance is entitled to an action. Co. Litt. 56*a*. Negligently imparting such a disease to a person is clearly as great an injury as to impute the having it; and negligently affecting the health of persons injuriously as great a wrong as so affecting that of animals.

It is objected that the jury may have awarded damages for what the plaintiff might have prevented by sending the children away. But the jury were instructed not to give damages for anything that the plaintiff might, by the exercise of the reasonable care of a prudent person, have avoided, and it is not to be presumed that they did. The evidence was somewhat conflicting; and it does not appear that any of the findings are without evidence to support them, or are against the substantial weight of evidence; nor that the jury were actuated by any improper motives. There must be, therefore, a judgment for the plaintiff on the verdict.

Motion overruled, and stay of proceedings vacated.