CASSIUS C. COVEY, Respondent, v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, June 6, 1887.

1. PRACTICE—PLEADING—OBJECTION TO SUFFICIENCY OF AVERMENTS OF PETITION AS TO NEGLIGENCE—CASE ADJUDGED.—The court, upon an examination of the averments of the petition in this case objected to as not sufficient, holds them to be sufficient ; and, holds further, that where, as in this case, the petition was treated throughout the trial, by defendant, as sufficiently tendering the issue of defendant's negligence, and no objection was made by defendant to the introduction of evidence on this issue, and defendant presented this issue to the jury by instructions, there is no merit in his objection here for the first time.

2. NEGLIGENCE — REGULATIONS FOR EMPLOYES AS TO USE OF MACHINERY—NOTICE.—The rule or regulation of a railroad company, for the government of its employes, can only affect those having notice of its existence. If the rule is known only to one of them having in charge a gang of men, his negligence is not that of a fellow-servant, which will be imputed to his fellow and prevent his recovery upon that ground.

3. ―――― DUTY AS TO PROVIDING SAFE MACHINERY—MASTER AND SERVANT.—It is not the duty of the employe to see that the machinery about and with which he is daily engaged is in proper condition for the service required. But it is the duty of the master to use reasonable and ordinary care and foresight in procuring appliances, and keeping the same in repair, to the end that the same shall be safe ; and the servant is bound only to take notice of such defects as are open to his observation, and of which he has knowledge, and he is not required to search for latent defects.

APPEAL from Macon Circuit Court, HON. ANDREW ELLISON, Judge.

*Affirmed.*

The case is stated in the opinion.

STRONG & MOSMAN, for the appellant.

I.   Plaintiff's allegation of negligence in respect to the length of time the handle had been permitted to remain in the car, and the failure of the defendant to inspect the same, was not supported by a scintilla of evidence.   Negligence cannot be presumed, but must be proved. *Railroad v. Kirkwood,* 45 Mich. 56; *Brown v. Railroad,* 49 Mich. 156; *Catron v. Nichols,* 81 Mo. 80; *Stepp v. Railroad,* 85 Mo. 229.   The law presumes the master has done his duty. *McDermott v. Railroad,* 87 Mo. 285.

II.   Plaintiff could not recover on this allegation, because his own evidence showed that he was daily engaged on this car; that it was his duty to see that his tools, implements, and machinery, were in suitable condition for the service required; and that the nature and condition of the piece of timber shown in evidence "was perfectly obvious to the sense of any man, whether servant or master."   He tried his case and attempted to establish defendant's negligence upon this theory.   Plaintiff was bound to see that the machinery about and with which he was daily engaged was in proper condition for the service required.   Both the law and defendant's regulations required this of him. *Ballou v. Railroad,* 54 Wis. 257.; *Railroad v. Eddy,* 72 Ill. 138; *Railroad v. Jewell,* 46 Ill. 99.   That it was his duty to see that the handle was in fit condition for the service required.. *Railroad v. Jewell,* 46 Ill. 99; *Railroad v. Eddy,* 72 Ill. 138; *Cummings v. Collins,* 61 Mo. 520; *Ballou v. Railroad,* 54 Wis. 251.   That he

was bound to see defects in his own immediate depart-ment and service. *Waldhier v. Railroad*, 87 Mo. 37; *Perego v. Railroad*, 52 Ia. 276; *Mooney v. Lower Vem. Co.*, 55 Ia. 681; *Nolan v. Shickle*, 69 Mo. 338-9; *Price v. Railraad*, 77 Mo. 508; *Way v. Railroad*, 40 Ia. 343. Where a servant has the same facilities for acquiring information that the master has, he cannot recover. *Lumley v. Caswell*, 47 Ia. 159; *Ballou case, supra; Flannagan v. Railroad*, 50 Wis. 462; *Thayer v. Rail-road*, 22 Ind. 29; *Cagney v. Railroad*, 69 Mo. 416; *Spiva v. Railroad*, 88 Mo. 73. Where a master has given orders to his servant, which, if observed, will avoid injury from defective machinery, he is exonerated from liability. Shearman & Redf. on Neg., sect. 92; *Durgan v. Munson*, 9 Allen [Mass.] 396. The evidence shows defendant exercised due care in selecting appli-ances, and in testing them.

III. There was no charge that the defendant had been guilty of any negligence, omission of duty, or want of due and proper care in selecting the materials from which the handle was made, or in respect to testing or inspecting such handle after it was made. The bare fact is stated that the handle was made and prepared of brittle ash wood, wholly unfit and unsafe for such purposes. As this could occur without fault in the defendant or its ser-vants, and as the law presumes that the master has done his duty, and, in order to state a cause of action on that ground, if one was intended to be stated, the pleader should have alleged that the same occurred by reason of defendant's negligence. Again, there was a total failure of proof to sustain the allegation that the car-handle was made of brittle ash wood, wholly unfit and unsafe for such purposes. The evidence in relation to the condi-tion, nature, and character, of the wood composing the stick shown in evidence, was totally irrelevant, because there was no evidence tending to show that this piece of ash wood was a part of the car-handle which broke with the plaintiff.

IV.   The court erred in overruling the motion for a new trial on the ground that the verdict was against the evidence, and the law as declared by the court.

V.   It was error to give plaintiff's first instruction, which was based on the ground of negligence in the original preparation of the handle, or negligence in originally furnishing an unsafe handle.   There was no such ground of negligence charged in the petition.   The plaintiff's third instruction was not the law applicable to the case at bar.   It is only in the absence of an opportunity to ascertain defects, that a servant has any right to rely on a presumption.   "He directly contributes to his own injury who pays no attention to his own safety, and trusts to the obligations imposed on others."   *Turner v. Railroad*, 74 Mo. 606–7.   Said instruction was in direct conflict with defendant's instruction numbered A.

VI.   We respectfully urge that there was an entire failure of proof of the charge that the defendant carelessly permitted the handle to be and remain in use without inspection, or that it permitted the handle to remain in use for an unreasonable length of time, which was the only negligence alleged in the petition; that there was neither proof nor charge that the defendant was negligent in furnishing the handle in the first instance, and pray the court to reverse the judgment below, without remanding the cause.

J. L. BERRY, for the respondent.

I.   The petition sufficiently alleges the negligence of defendant in furnishing the car with an unfit handle in the first instance.   The allegation is that the handle "was made of brittle ash wood, unfit for the use to which it was put," and "that the plaintiff's injuries were caused and brought about and resulted from, the carelessness and negligence of defendant, in failing and neglecting to furnish and provide for plaintiff's use, a safe and suitable hand-car and appliances."   *Crane v. Railroad*, 87 Mo. 588, and authorities cited in opinion;

*Covey v. Railroad*, 86 Mo. 635; *Sicla v. Railroad*, 82 Mo. 430.

II. On the second proposition the evidence shows that the handle was not safe, nor fit to be used in the car, and that a proper examination for the purpose would have discovered its unfitness. The car with this handle had been in use on the road for some time, and was unfit for use. It was the duty of defendant to see that it was safe, and to keep it safe and suitable for the service, and plaintiff had a right to assume that defendant would do so. *Brothers v. Cartter et al.*, 52 Mo. 374; *Railroad v. McDaniels*, 107 U. S. 454; *Lewis, Adm'r, v. Railroad*, 59 Mo. 495; *Condon v. Railroad*, 78 Mo. 567; *Ford v. Railroad*, 110 Mass. 240; *Cook v. Railroad*, 63 Mo. 397; *Gibson v. Railroad*, 46 Mo. 162; *Cook v. Railroad*, 24 N. W. Rep. 311; *Thompson v. Hermann*, 3 N. W. Rep. 579; *Hobbs v. Stauer*, 22 N. W. Rep. 153; *Gravelle v. Railroad*, 11 Fed. Rep. 569; *Porter v. Railroad*, 71 Mo. 66; s. c., 60 Mo. 160; *Patterson v. Railrood*, 76 Pa. St. 393; *Flyn v. Railroad*, 78 Mo. 203; *Hickman v. Railroad*, 22 Mo. App. 344. If defendant could have discovered the defect in the handle by the use of ordinary care, and failed in this respect, and the injury was sustained by reason of the defect, plaintiff should recover. *Gibson v. Railroad*, 46 Mo. 163; *Smith v. Railroad*, 69 Mo. 36; Wood on Master and Servant [1 Ed.] p. 688, sect. 329.

III. A servant in the use of appliances furnished by the master, is bound to take notice of those dangerous defects, of which he has knowledge, and which are obvious to his senses, but is not bound to investigate for himself. See authorities above cited. *Devlin v. Railroad*, 87 Mo. 545, and authorities cited by respondent; *Conroy v. Iron Works*, 62 Mo. 39; *Thorpe v. Railroad*, 89 Mo. 650.

IV. Plaintiff was not chargeable with contributory negligence. A servant is not necessarily chargeable with contributory negligence, in remaining in a certain

employment, although he may know that the appliances used are defective and insufficient, if the danger or risk is not such that, as a prudent man, he is bound not to assume them, or continue in the service.    *Thorpe v. Railroad*, 89 Mo. 650; 2 S. W. Rep. 3; *Conroy v. Vulcan Iron Works*, 62 Mo. 39.

V.    Plaintiff was under the charge of the foreman, Ryan.    Ryan was a vice-principal, and knew, and was bound to know, the condition of the hand-car, used by plaintiff, and his negligence was that of the defendant. *Covey v. Railroad*, 86 Mo. 435; *Moore v. Railroad*, 85 Mo. 588; *McDermott v. Railroad*, 87 Mo. 285; *Stephens v. Railroad*, 86 Mo. 221; *Hoke v. Railroad*, 88 Mo. 360.

VI.    The special findings sustain the verdict.    No objections were made to the answers before the jury was discharged, and it is now too late to object.    *Brick Co. v. Railroad*, 21 Mo. App. 648; *Bradley v. Bradley*, 45 Ind. 72; *McElfresh v. Guard*, 32 Ind. 409.

VII.    The evidence sustains the verdict.    There was evidence that the car-handle was originally defective; that it was unfit for use, and dangerous at the time of accident, of which fact plaintiff was ignorant, and which defendant could and should have known, by the use of ordinary care and attention.    There was evidence that the stick produced by plaintiff was a fragment of the car-handle that he broke.    The plaintiff recognized the piece as a part of it.    The place and manner of breaking, and all attending circumstances, indicate that it must be, and defendant's witness, Goff, recognized it as one of his make of handles.

VIII.    All the issues were fairly and properly submitted to the jury by the instructions, and as favorably to defendant as it could have expected.    The handles used by defendant in its hand-cars at the time of this accident were four feet long, and about two inches in diameter; since this accident, they are made three and a half feet long, because "less liable to break by the power exerted on them while working the car."    This

handle broke the second time plaintiff pulled up with both hands, "about half-way between the highest and lowest stroke, when it snapped." This evidence is uncontradicted. The breaking, of itself, under the circumstances, and the manner of it, were sufficient to show that the handle was not safe, and was unfit to be used, in view of the peril from breaking. A sound piece of timber, the size of this handle, could not have been "snapped" off suddenly by any man.

PHILIPS, P. J.—This cause has been in the Supreme Court, and is reported in 86 Mo. 635. The judgment obtained by the plaintiff was reversed because of an error in the instructions, predicated upon knowledge of the defect in question of an agent of defendant, upon whom the law did not cast the duty of making such inspection. On the second trial this error was avoided. The plaintiff again recovered judgment; and defendant again appeals. The sufficiency of the evidence, to entitle the plaintiff to have the opinion of the jury, was directly passed upon by the Supreme Court. To hold, as requested by appellant here, would be to review and overturn the decision of the Supreme Court. We have not the power, even if we had the inclination, to do so. The evidence on the second trial, so far as I can gather from the statement of the case, is in no respect weaker on behalf of plaintiff than on the first.

I. It is now claimed, for the first time, that the allegations of the petition are not sufficient to warrant any evidence respecting the negligence of defendant in not discovering the latent defect in the handle of the car before putting the same in. The allegations of the petition are, "that the handle of said car, then being used and worked by plaintiff in propelling said car, was and had been made and prepared of brittle ash wood, wholly unfit and unsafe for such purposes, and had carelessly been permitted to remain and be used in said car, without inspection or examination by defendant," etc. Then

further on, it is averred that the injuries "so sustained by the plaintiff, were caused and brought about by, and resulted from, the carelessness and negligence of defendant in failing and neglecting to furnish and provide for the use of plaintiff and his said co-employes, a safe and suitable hand-car and appliances for their use as aforesaid, and to keep the same supplied with safe, sound, and secure handles, adequate and suitable for such use, as defendant was bound and ought to have done."

This, we think, was sufficient, under the rule as laid down, and the authorities cited, in *Crane v. Railroad* (87 Mo. 594–5). This petition was deemed by the Supreme Court (86 Mo. 639) as sufficient to present the two issues : (1) That the handle had been made from brittle ash wood, unfit for the use, and (2) that it had been permitted to remain, etc. Superadded to all which, defendant's counsel, throughout the trial, construed the petition as sufficiently tendering the issue of defendant's negligence in selecting the material for this handle. He made no objection to the introduction of this evidence, and in numbers of the instructions asked by him, and given by the court, he presented the case to the jury on this issue. Defendant was evidently not surprised, for it appears to have been equipped and prepared for this issue, and introduced all the evidence it would seem possible, bearing thereon. There is no merit in the objection.

II.   It appears, from defendant's answer and evidence, that prior to this injury the defendant company had issued the following rule or regulation : "Employes, of every rank or grade, are warned to see for themselves, before using them, that the machines or tools, which they are expected to use, are in proper condition for the service required, and if not, to put them in proper condition, or see that they are so put, before using them." Defendant insists that as Ryan, who had charge of the gang of men, including the plaintiff, had notice of this

regulation, and had not discovered the defect, or had neglected to remedy or report it, this was the negligent act of a fellow-servant, for which plaintiff cannot recover. This is an extension of the rule, of the non-liability of the employer for the negligent act of a fellow-servant, beyond any adjudication known to us, and beyond, as we conceive, the bounds of reason. Such a rule can only affect those having notice of its existence. It would be a monstrous proposition to hold that, where such a rule of the company was made known to only one out of six employes, the disobedience of that one to observe it should be imputed to all his fellows. The plain language of the rule itself rejects such a construction: "employes, etc., are warned to see *for themselves*." The employe is not required to see for anybody else; but each one, having the notice, must see to it for himself. Employes "are *warned*." How can a person be warned without "personal notice?" Whether the plaintiff had notice of this regulation or not was a question solely for the jury. He testified that he did not know of it.

Again, Ryan did not sustain the relation of a fellow-servant to the plaintiff. Ryan was placed, by the company, in charge of the gang of men, including the plaintiff. They did such work as, and how, he directed. They used such tools, and rode on such hand-car as he furnished and directed. In such case, Ryan "stood in the place of defendant," as stated by Black, J., in delivering the opinion when this case was before the Supreme Court. And this is in accord with the recent rulings of that court. *Moore v. Railroad*, 85 Mo. 588; *McDermott v. Railroad*, 87 Mo. 285; *Hoke v. Railroad*, 88 Mo. 360.

The first instruction, given by the court, of its own motion, accorded to the defendant all, if not more than, it was entitled to, bearing upon this question; for it imputed to the plaintiff the result of the disobedience to this regulation by "Ryan, and the

men composing his crew"; this would have been error against the plaintiff, unless it could be held that the phraseology of the instruction implied knowledge of the regulation on the part of the plaintiff.

III.   It is not the law, as indicated by the drift of appellant's argument, that the employer can shift upon the employe the high duty and obligation of furnishing reasonably safe machinery for its operatives, on the assumption that it is the duty of the employe " to see that the machinery about and with which he was daily engaged, was in proper condition for the service required." It was expressly held by the Supreme Court, in this case (86 Mo. 641), that, "it is the duty of the master to use reasonable and ordinary care and foresight in procuring appliances, and keeping the same in repair, to the end that the same shall be safe." The same decision lays down the rule, in respect to the servant, to be that he is bound only to take notice of such defects as "are open to his observation, and of which he has knowledge"; but he is not required "to search for latent defects." The duty of discovering hidden defects, by careful inspection, devolves upon the employer. *Conroy v. Iron Works*, 62 Mo. 39; *Thorpe v. Railroad*, 89 Mo. 650.

IV.   Defendant complains of the action of the court in permitting expert testimony, based upon an inspection of the broken piece of the handle, exhibited by plaintiff in court, on the ground that there was not sufficient evidence of its identity. The plaintiff testified in chief that this was a part of the handle, as broken off by him. Afterwards, the defendant had the witness state that he obtained the piece from the section foreman having charge of that part of defendant's railroad track where this accident occurred, who told witness at the time he handed it to him, that it was the same handle, picked up by him at the point of the accident. This evidence defendant brought out without objection on his part. It did not ask to have

the evidence of plaintiff excluded, but let it go to the jury, without objection. And, in addition to this, the plaintiff testified that he could tell it by having worked with it. This fact being thus before the jury, it was competent to admit the expert testimony for what it was worth. Besides, the piece thus exhibited corresponded with the broken handle in being broken close up to the iron band through which it passed. The other part being left with the car, which remained in defendant's possession, it had the ready means at its control to disprove the alleged identity of the fragment so produced. Under such circumstances, it complains without cause.

V. The trial court gave the defendant every instruction it could, with any propriety, ask. We see no ground for disturbing the verdict, unless we take the case from the jury. This, the Supreme Court say, should not be done.

It follows that the judgment of the circuit court should be affirmed. The other judges concurring, it is so ordered.