JOHN BURTON, Respondent, v. THE MISSOURI PACIFIC
RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 19, 1888.

1. **Practice**: PLEADING: SUFFICIENCY OF AVERMENTS AND OF EVIDENCE: CASE ADJUDGED. The court, upon consideration of the averments of the petition in this case, holds them as sufficiently setting forth that plaintiff was entitled to his son's services and that he had been deprived of them, and that the evidence on this point was also sufficient.

2. **Negligence**: MASTER AND SERVANT: RULE CONCERNING AS TO DEFECTS. As regards the duty and obligation of master and servant as to defects in machinery the rule is, that the servant is bound only to take notice of such defects as are open to his observation, and of which he has knowledge, and he is not required to search for latent defects. The duty of discovering hidden defects, by careful inspection, devolves upon the employers. (*Covey v. Railroad*, 27 Mo. App. 179).

*Appeal from Cass Circuit Court.*—HON. C. W. SLOAN,
Judge.

AFFIRMED.

The case is stated in the opinion.

*Robert Adams*, for the appellant.

(1) Defendant's objection to the introduction of any evidence, and its motion in arrest, should have been sustained. There was no allegation in the petition, or proof at the trial that Charles Burton was plaintiff's servant. *Dunn v. Railroad*, 21 Mo. App. 188; *Hall v. Hollander*, 4 Barn. & Cress. 660. (2) Plaintiff's evidence shows that his son was present when the handle was placed in the hand-car; nevertheless he remained and performed the same services upon it, without complaint and without suggesting that his employment could be

made less hazardous. He must be deemed to have undertaken to run the risk of the danger which might result from the then condition of the handle, and he had equal knowledge with. the defendant of its condition. Defendant's demurrer to the evidence should have been sustained. *Railroad v. Smith*, 9 Lea [Tenn.] 685; *Engine Works v. Randall*, 100 Ind. 293; *Railroad v. Kinney*, 58 Ga. 485; *O'Rourke v. Railroad*, 22 Fed. Rep. 189; *Patterson v. Railroad*, 76 Pa. St. 389; *Davis v. Railroad*, 20 Mich. 105; *Crutchfield v. Railroad*, 76 N. Car. 320: *Railroad v. Jewell*, 46 Ill. 99; *Railroad v. Eddy*, 72 Ill. 138; *Naylor v. Railroad*, 53 Wis. 661; *Railroad v. Myers*, 55 Tex. 110; *Railroad v. Orr*, 84 Ind. 50; *Umback v. Railroad*, 83 Ind. 191; *Sweeney v. Railroad*, 57 Cal. 15; *Jackson v. Railroad*, 31 Kansas, 763; *Dillon v. Railroad*, 3 Dillon, 319; *Railroad v. Monroe*, 85 Ill. 25; *Ladd v. Railroad*, 119 Mass. 412; *Hamathy v. Railroad*, 46 Md. 280; *Devitt v. Railroad*, 50 Mo. 302; *Dale v. Railroad*, 63 Mo. 455. (3) A minor must be taken to run the ordinary risk of his employment. *King v. Railroad*, 9 Cush. 112; *Railroad v. Elliott*, 1 Cold. [Tenn.] 63; *Railroad v. Harvey*, 28 Ind. 28; *Railroad v. Hamathy*, 28 Ind. 371; *Gartman v. Railroad*, 67 Ill. 498; *Rain v. Railroad*, 71 Mo. 164, and cases cited; *Williams v. Churchill*, 137 Mass. 243; *Sullivan v. Manf. Co.*, 113 Mass. 396; *Hashaway v. Railroad*, 51 Mich. 253; *Engine Works v. Randall*, 100 Ind. 293; *Veits v. Railroad*, 55 Mich. 120.

*Whitsitt & Jarrott*, for the respondent.

(1) It was the duty of appellant "to use reasonable and ordinary care and foresight in procuring appliances and keeping the same in repair, to the end that the same shall be safe." (2) The servant is bound only to take notice of such defects as are open to observation, and of which he has knowledge; but he is not bound to search for latent defects. "The duty of discovering hidden defects by careful inspection devolves upon the employer." *Covey v. Railroad*, 27 Mo. App. 179; s. c., 86 Mo. 635; *Selia v. Railroad*, 82 Mo. 435; *Dedrick v.*

*Railroad*, 21 Mo. App. 433 ; *Lewis v. Railroad*, 59 Mo. 495 ; *Porter v. Railroad*, 71 Mo. 66 and 67 ; *Gibson v. Railroad*, 46 Mo. 163 ; *Hickman v. Railroad*, 22 Mo. App. 344 ; *Tabler v. Railroad*, 93 Mo. 97. (3) " A father, whose child has been injured by the negligence of another, is entitled to recover as damages an amount which will compensate him for the loss of service and care of the child, and the amount of the expenses which he has incurred or become liable for in consequence of the injury, such as medical attention, care, nursing, and the like." *Frick v. Railroad*, 75 Mo. 543, 544.

HALL, J.—This was an action for damages on account of injuries sustained by plaintiff's son, an employe of defendant, in consequence of defective machinery. The plaintiff had judgment, from which the defendant appeals.

The defendant urges two grounds for a reversal of the judgment. It complains that there was no allegation in the petition or proof at the trial that Charles Burton, the son, was the plaintiff's servant, or, in other words, that there was no averment or proof of a loss of the son's services by the plaintiff. In this the defendant is mistaken. The petition alleged : " That plaintiff is the father of one Charles H. Burton, who was at the happening of the injuries hereinafter mentioned a minor of the age of twenty years ; that there was yet due plaintiff one year's services from his said son by reason of his minority, which said services were of great value to plaintiff ; that on the seventh day of April, A. D. 1886, defendant, without the knowledge or consent of plaintiff, employed his said minor son to perform the dangerous and hazardous duties of a section-hand to work on its said railroad." And it also alleged : " That by reason of the injuries aforesaid, plaintiff's said son has been rendered a cripple for life ; that he is unable to perform any kind of labor, and is a burden for life upon this plaintiff." By these allegations of the petition, it was averred with sufficient particularity that the plaintiff was entitled to his son's services, and had been

deprived of them.   The evidence on this point was also sufficient.   The evidence further showed that the son, at the time of the accident, was receiving as wages $1.10 per day and boarded himself, and that when he drew his wages he took them home and gave them to his mother, and that they all went to the family ; and it also showed what it was worth to board and clothe the son during the remainder of his minority.

The defective machinery complained of was a defective handle of a hand-car.   The defendant makes the point that the plaintiff's evidence showed that his son was present when the defective handle was placed in the hand-car, and that, since the son remained and performed the same services on the hand-car as before, without complaint, he must be deemed to have undertaken the risk of the danger which might result from the then condition of the handle.   In the first place the evidence did not show that the plaintiff's son took any part in placing the defective handle in the car, it simply showed that he was in view of those who did place the handle in the car, he himself being engaged at the time at other business.   And in the second place, the evidence all showed that the defect in the handle was a latent defect, and not one open to observation, after it was placed in the car, or at least at any time when, as disclosed by the evidence, the plaintiff's son saw and used it.   And the rule is that the servant is "bound only to take notice of such defects as are open to his observation and of which he has knowledge, but he is not required to search for latent defects.   The duty of discovering  hidden  defects,  by  careful  inspection, devolves upon the employer."   *Covey v. Railroad*, 27 Mo. App. 179.

Judgment affirmed.   All concur.