Franklin v. Butcher.

REBECCA F. FRANKLIN, Respondent, v. J. M. BUTCHER, Appellant.

Springfield Court of Appeals, June 6, 1910.

1. PLEADING: Negligence: Communicating Contagious Disease: Sufficiency of Statement. The statement in a case which originated in a justice's court, and which was an action for damages on account of defendant's alleged negligence in communicating smallpox to plaintiff's son, is examined and held sufficient and that it was not error for the trial court to overrule defendant's motion to make it more definite and certain, especially in view of the fact that there was no showing that defendant was injured by not having the statement made more specific.

2. ———: ———: **Personal Injuries: Detailed Allegations as to Medical Expenses.** It is not necessary in cases of personal injuries to allege in detail in the petition the amounts paid for medicines, medical attention, nursing, etc., nor to give the names of the parties and the amount due to each. The allegation that plaintiff had expended, or was obligated to pay large sums of money on account of these items has been the practice and has generally been held sufficient, but where defendant makes a proper showing that he intends to raise an issue as to these items and that the allegations are too general to inform him against what he is called upon to defend, it is entirely proper for the trial court to require the petition to be made more specific.

3. ———: **Requiring Petition to be Made More Specific: Discretion of Trial Court.** It is largely a matter of discretion on the part of the trial court to require a pleading to be made more specific. An error for failure of the court to make such a requirement cannot be available without showing that the court abused its discretion in that respect and that the party complaining was in some way injured thereby.

4. **PARENT AND CHILD: Actions: Parties: Right of Mother on Remarriage to Recover for Loss of Son's Wages: Instructions.** In a suit by a mother against defendant for damages for negligently communicating smallpox to her son, it appeared that the father of the boy had died and that the mother had remarried. It was contended by defendant that under these circumstances the mother could not maintain a suit for loss of the boy's wages. The evidence is examined and held sufficient to entitle plaintiff to go to the jury on the question of her right to the son's wages. An instruction given on this proposition, though criticised for indefiniteness, was held not erroneous under the evidence, and especially in view of the fact that defendant did not request a more explicit one.

5. ———: ———: ———: ———. After the death of the father, the duty to support the minor son devolves on the mother, and she then becomes entitled to his wages as a corollary to the duty to support him, and as long as she does support him she is entitled to his wages, even though she may remarry.

6. **NEGLIGENCE: Communicating Contagious Disease: Intentional Act.** Where a party negligently and carelessly communicates the disease of smallpox to another, it is immaterial whether it was done willfully or intentionally, and it is also immaterial as to how it was done if it was done negligently.

7. **DAMAGES: Negligence: Excessive Verdict: Failure of Proof: Instructions.** In a suit for damages based on defendant's negligence in communicating smallpox to plaintiff's son, an instruction covering the items paid for medicines, nursing, etc., for which plaintiff was entitled to recover, was held proper in form but that there was a failure of proof as to several of these items; that the instruction was erroneous in submitting these items to the jury and the verdict excessive in the amount it was in excess over those items of damages about which there was no dispute and the amount of which could be accurately ascertained.

Appeal from Webster Circuit Court.—*Hon. C. H. Skinker,* Judge.

AFFIRMED (*upon remittitur*).

*L. H. Musgrave, Sam Dickey* and *Wright Brothers* for appellant.

(1) The statement states no cause of action against defendant. 1 Chitty on Pl. (14 Am. Ed.), 388. (2) Plaintiff is not entitled to recover as the mother of Woodfin Tice. She was not at the time at the head of the family, and was not liable for the support of Tice and was not entitled to his wages. Plaintiff's husband, Mr. Franklin, assumed the relation of father to Tice. Eickhoff v. Railroad, 106 Mo. App. 541; Academy v. Bobb, 52 Mo. 357. (3) Plaintiff is not entitled to recover for her services rendered Tice during his illness. She merely performed the ordinary offices of affection. Gibney v. Transit Co., 204 Mo. 722. (4) Plaintiff must show negligence on the part of defendant and a casual connection between the negligence and the illness of Tice. Hodges v. Railroad, 135 Mo. App. 692; Warner v. Railroad, 178 Mo. 125. (5) Tice was a trespasser or at best not more than a licensee. In either event, the defendant owed him no duty and he went upon the premises at his own peril. Glaser v. Rothschild, 106 Mo. App. 418; Kelly v. Benas, 217 Mo. 9.

*J. H. Mason* and *O. E. Gorman* for respondent.

(1) The amended petition is sufficiently definite and certain. Bliss on Code Pl., sec. 140. (2) It is not necessary to plead that the acts complained of were "wrongfully or maliciously" committed. In fact, it would have been error to have done so. It is sufficient to allege that the acts complained of were negligently and carelessly done. Gibeline v. Smith, 106 Mo. App. 545; Schooler v. Arrington, 106 Mo. App. 607; Raming v. Railroad, 157 Mo. 507. (3) It was not necessary to plead that defendant owed any duty to plaintiff or her son. The law fixes the duty that a person with a highly contagious disease owes to individuals and the public generally. Kliegle v. Aitken, 35 L. R. A. 249; 19 L. R. A. 725n. (4) Plaintiff is entitled to and is the proper person to recover for the loss of services of her minor son. Scannell v. Traction Co., 103 Mo. App. 504; Hennesey v. Brewing Co., 63 Mo. App. 111.

COX, J.—This action originated in a justice of the peace court in Greene county, and was tried upon the following amended statement:

"Comes now the plaintiff and states that she is the mother of Woodfin Anderson Tice, a minor under the age of 21 years, and that the father of said son, (the former husband of the plaintiff) died on the —— day of ——, 1906, and that on the 5th day of October, 1908, she married E. G. Franklin. Plaintiff states that at all times mentioned in this petition, plaintiff supported and was liable for the support and maintenance of her son, and received and was entitled to receive his wages, and that at all times herein referred to her son was in her services and under her control, and was so in her services and under her control at the time he contracted the smallpox from the defendant as hereinafter stated.

"Plaintiff states that on the ——— day of October, 1908, the defendant negligently and carelessly communi-

cated to the said Woodfin Tice, the smallpox, a highly contagious disease and that thereafter the said Woodfin Tice was taken violently ill with said disease, communicated to him by the defendant as aforesaid, and was very sick therefrom for a period of five weeks, and that during all that time he was confined to his bed, requiring careful nursing and medicine and medical attention.

"Plaintiff states that she lost her son's services during the time he was sick aforesaid, and that she gave him careful nursing and attention, and that he received the care of other nurses and attendants during the time he was sick as aforesaid, and that plaintiff paid and obligated herself to pay large sums of money for said 'services and for medicine and medical attention, all occasioned by the carelessness and negligence of defendant as aforesaid and all to plaintiff's damage in the sum of $250.

"Wherefore plaintiff prays judgment against defendant in the sum of $250 and costs of suit."

Trial was had, and verdict in favor of plaintiff for $190 from which defendant appealed. The case went on change of venue from Greene county to Webster county where it was again tried September, 1909, resulting in a verdict in favor of plaintiff for $200, and defendant has appealed. In the circuit court of Webster county defendant filed a motion asking the court to require the plaintiff to make her statement more definite and certain, which was overruled, and exception saved. The objection made to the statement was that it was too indefinite and uncertain to advise defendant of the facts. That it failed to state the date of the pretended communication of the smallpox to Woodfin Tice and how communicated. That it fails to state the date when Woodfin Tice was taken violently ill. That it fails to state the date of the period of the pretended illness. That it fails to state the business or avocation in which Woodfin Tice was engaged and the value thereof. That

it fails to state the names of the nurses and attendants from whom Woodfin Tice received care, and the value of such care. That it fails to state the value of medicine and medical attention.

It occurs to us that the statement filed in this case was sufficient. This action was begun before a justice of the peace where formal pleadings are not required, and as to the allegation of negligence it is as specific as could be asked. Defendant contended that it should have alleged specifically the manner in which the disease called smallpox was claimed to have been communicated by defendant to Woodfin Tice, son of plaintiff. The ultimate fact resulting from the act of defendant was the fact that her son, Woodfin Tice, contracted the disease of smallpox from defendant and was thereby rendered sick and unable to perform labor, and she thereby lost the benefit of his services. If the son was unable to work during that period of time it was from the fact that he was sick, and when the plaintiff alleged that the sickness was smallpox and had been communicated to him by defendant it was sufficiently definite to inform defendant against what he would be required to defend. As to the other allegations, asking that he be required to state the names of nurses, the value of their services, the specific value of medicine and medical attention, we do not think the objection well taken. It has never been thought necessary in cases of personal injury in making an allegation relating to sums of money paid, or obligated to be paid for medicine and medical attention, nursing and care, to go into details showing the name of the parties and the amount due to each one, but it has been the practice to make a general allegation of the expenditure of large sums of money for this purpose, and, we think that generally this is sufficient. Whether such a statement should be made more specific upon application of defendant would depend upon whether or not he wanted to raise an issue as to those items and the statement

filed was too indefinite to apprise him of what he should defend against. Upon a proper showing it would have been entirely proper for the court to have required the plaintiff to make his declaration more specific, but error in that respect could not be available without some showing that the court had abused its discretion in that respect, and the defendant was in some way injured thereby. The action of the court, therefore, in overruling defendant's motion to make the statement more specific was correct.

Defendant objected to the introduction of any testimony and at the close of the evidence demurred thereto, and now insists that under the facts in this case plaintiff was not entitled to go to the jury. The first reason assigned is that the plaintiff, having alleged and proven that her former husband, the father of her son, Woodfin Tice, was dead, and that she had remarried one Franklin, that she could not, after the second marriage, maintain an action for loss of her son's wages. The plaintiff testified in relation to this question as follows: "Q. State the facts in regard to what he has been doing and whom he has been living with? A. He has been living with me. Q. Whom was he working for at the time he caught the smallpox? A. Of course, I had been clothing him and schooling him. Q. Go ahead and tell the facts where he was working? A. He was working for L. V. Sherwood. Q. What wages was he getting? A. $30 per month. His wages were paid to me. Q. Whom was he living with at the time? A. Living with me, he was my only support up to the time I was married to Mr. Franklin, of course, he still lives with me yet but he has a little more for his own now; I consumed it all then. I took every bit of his wages before I was married to Mr. Franklin. Q. Do you take all of his wages now? A. I take the most of it because he clothes himself and clothes his sister and sends her to school. His sister lives with me." Further that at the time he contracted

the disease, the rest of the family had moved to another place and he was boarding near the place where he worked. That he paid his board out of his wages, bought his own clothes and paid the balance to the plaintiff. She also stated on cross-examination that her then husband, Franklin, treated her children like his own. They were all considered members of his family. There was no evidence, however, that her husband, Mr. Franklin, paid anything toward the support of this son. We think this evidence sufficient to entitle plaintiff to go to the jury on the question of her right to her son's wages. It is true that her right to recover the son's wages does not depend upon the fact merely that she is his mother, but rests upon the fact that the relation of master and servant existed between her and her son. It is not necessary, however, that the mother should employ the son at a fixed wage to establish this relation. It grows out of the relation of the parties. After the death of the father, the duty to support the son devolved upon the mother, and she then became entitled to his wages as a corollary to the duty to support him, and as long as she did support him she was entitled to his wages. [Scamell v. St. Louis Transit Co., 103 Mo. App. 504, 77 S. W. 1021; Hennessey v. Brewing Co., 63 Mo. App. 111; the same case, 145 Mo. 104, 46 S. W. 966.]

The evidence on the part of plaintiff tended to show that on or about October 5, plaintiff's son, Woodfin Tice, went in company with another party to a house where defendant was boarding, for the purpose of seeing another boarder who lived at the same house. That on his arrival there defendant was sitting upon the porch and plaintiff's son went upon the porch near where defendant was and remained a few minutes, and when he started away defendant walked with him a distance of one hundred feet. That on another occasion, soon after, he met the defendant in a saloon, and was very close to him at that time. Plaintiff's evidence also tends to show that defendant knew upon both occasions

that he was afflicted with the smallpox. Plaintiff's son contracted the disease about October 17, and was, by reason thereof, confined to the house and detained from his work for a period of six weeks. That he was receiving at the time thirty dollars per month as wages.

Defendant asked the court to instruct the jury that plaintiff could not recover unless she had proven that defendant communicated the disease of smallpox to plaintiff's son, Woodfin Tice, after he, the defendant, himself became aware of and knew he was afflicted with said disease, and that he so communicated said disease by recklessly, carelessly and negligently bringing himself in contact with the said Woodfin Anderson Tice. Also plaintiff could not recover unless defendant willfully or intentionally communicated the disease of smallpox to plaintiff's son after defendant had knowledge that he was afflicted with that disease. These instructions were refused, and this is assigned as error. We think they were properly refused. If defendant negligently and carelessly communicated the disease of smallpox to plaintiff's son, it is immaterial whether it was done willfully or intentionally, and it is also immaterial as to how it was done if it was negligently done. [Kliegle v. Aitken, (Wis.) 35 L. R. A. N. S. 249; Gilbert v. Hoffman (Iowa), 55 Am. Rep. 263; Smith v. Baker (N. Y.), 20 Fed. 709; Cesar v. Karutz (N. Y.), 19 Am. Rep. 164; Marion v. Sharon, 112 Mass. 477.]

Defendant now contends that instruction number one, given on behalf of plaintiff, was erroneous. This instruction is as follows:

"1. The court instructs the jury that if you find and believe from the evidence that plaintiff is the mother of Woodfin Tice, and that he is under the age of 21 years, and that the father of said Woodfin Tice died in 1905 and that on the —— day of October, 1908, the defendant was afflicted with the disease known as smallpox, and after he knew that he had such disease, and while he was so afflicted he negligently and carelessly

communicated to plaintiff's said son said disease and that her said son became sick therefrom, and as a result of having said disease he was unable to perform his usual work, and that plaintiff lost his services by reason thereof, then your verdict should be for the plaintiff."

The objection to this instruction is as contended by defendant that it placed the right of plaintiff to recover upon the ground that she is the mother of Woodfin Tice and his father is dead, but we do not think that is what the instruction means when read all together. While it might have been more explicit, and might have required the jury to find, before plaintiff could recover, that she was at the time of the alleged communication of the smallpox to her son by the defendant, receiving the wages of her son, yet the jury were required to find, as expressed in the latter part of this instruction, that plaintiff lost the services of her son by reason of defendant having communicated this disease to him, and there was really no conflict in the testimony which showed that the wages of the son were expended under the mother's direction, and we cannot see that the jury could have been misled by the failure of the court to make the instruction as explicit as defendant thinks it should have been. Furthermore, defendant asked no instruction upon that question, and we do not think the verdict could well have been otherwise had the instruction been more explicit.

It is next contended that instruction number two, given on behalf of plaintiff on the measure of damages was erroneous. This instruction is as follows:

"2. If you find that under the evidence and the law as given in these instructions that the plaintiff is entitled to recover, then you should assess her damages at such a sum not to exceed $250 as you believe from the evidence will reasonably compensate her for the loss of her son's services, if any, for the sums, if any, she has paid or obligated herself to pay for medicine and attention while he was sick, as a result of such disease."

This instruction is correct in form, but the evidence in this case was not sufficient to submit to the jury the question of the value of the services of parties rendering her son attention while he was sick, and of the sum she had obligated herself to pay for medicine. While it was entirely right and proper for plaintiff to allege these matters as elements of damage, yet when she comes to the proof it is not sufficient merely to prove that somebody nursed and cared for her son, or that some medicine was furnished, but she must furnish concrete proof of the amount and reasonable value of the services, and the amount and reasonable value of the medicine for which she may have obligated herself to pay. For that reason this instruction was in particulars named erroneous, but it does not follow that the judgment should be reversed for this reason, provided the amount which plaintiff lost by reason of losing the wages of her son and the amounts actually paid or agreed to be paid for medicine and medical attention can be accurately ascertained, and provided further that there is no dispute as to these items.

It is also contended that the verdict is excessive for the reason that the proof is not sufficient upon which to base a verdict for any amount, except the actual loss of wages for the time the son was sick, and in addition thereto, the item of twenty dollars to Doctor Wiley. What we have said in relation to instruction number two applies as well to the contention as to the excessiveness of the verdict, and we agree with counsel for defendant that the verdict was excessive. The evidence shows, however, that the son was disabled for six weeks. That he was receiving thirty dollars per month, and about this there was no dispute. It also shows that Dr. Wiley's charge was twenty dollars, and that this was a reasonable charge, and as to this there was no controversy. So the amount of plaintiff's damage actually proven was for the wages of forty-five dollars, and medical attention twenty dollars, making a total of sixty-

five dollars. The verdict, being for two hundred dollars, is excessive to the amount of one hundred and thirty-five dollars, which, if plaintiff will remit within ten days, allowing the judgment to stand for sixty-five dollars, it will be affirmed. Otherwise it will be reversed and remanded. All concur.