**Edgar PARVEY et al., Appellants (Plaintiffs),**

v.

**HUMANE SOCIETY OF MISSOURI, a corporation, Respondent (Defendant).**

No. 30443.

St. Louis Court of Appeals.

Missouri.

Feb. 21, 1961.

Dowd & Dowd, Edward L. Dowd, William L. Mason, Jr., St. Louis, for appellants.

R. Forder Buckley, Buckley & Campbell, F. Douglas O'Leary, Charles F. Hamilton, Moser, Marsalek, Carpenter, Cleary, Jaeckel & Hamilton, St. Louis, for respondent.

WOLFE, Judge.

This is an action brought by twenty-eight licensed veterinarians to restrain the Humane Society of Missouri, a corporation, from conducting an animal clinic where a charge is made for certain services and medicine. Six of the plaintiffs withdrew from the cause in the Circuit Court. The defendant moved to dismiss the plaintiffs' petition on the ground that the petition failed to state any claim upon which relief could be granted to the plaintiffs. This was sustained, and the remaining twenty-two plaintiffs appealed to this court. Since that time, by consent of the parties, one plaintiff-appellant has withdrawn, leaving as plaintiffs-appellants twenty-one veterinarians. The American Humane Association, by leave, has filed a brief as amicus curiae.

The petition, after alleging the corporate existence of the Humane Society of Missouri, and alleging that the plaintiffs were duly licensed veterinarians, continues in paragraph 3 thereof as follows:

"3. The plaintiffs are presently practicing veterinary medicine, both as a profession and occupation, and from such practice derive their income and financial support, and, during the course of their practice, the plaintiffs, and each of them, have developed and now possess property rights in large and valuable practices in the treatment of animals, said animals being in most part the possessions and property of residents of the City and County of St. Louis.

"4. The defendant corporation, when originally organized, was created by the extant laws of the State of Missouri, dealing with and treating of the incorporation of benevolent associations, and at the present time exists as an ostensibly benevolent and non-profit association devoted to the humane treatment of humans and animals alike.

"5. Article II of the Amended and presently effective Articles of Agreement, entitled, 'Objects', reads as follows in haec verba:

" 'The objects of this Society are to provide effective means for the prevention of cruelty to children of fourteen years of age and under, and to animals in the State of Missouri, and to aid in the enforcement of all laws which are, or may be hereinafter enacted, for the prevention of cruelty to living creatures, and to educate the people by means of lectures, the dissemination of literature and other effective ways in the principles of kindness to animals and to conduct free animal clinics.'

"6. Other than the powers detailed in Article II of the Articles of Agreement as set forth above, the defendant corporation has no right to engage in the practice of veterinary medicine, or has it the right or power to practice veterinary medicine for profit, or has it the right or power to maintain an animal clinic, veterinary hospital and veterinary staff for the treatment of diseased and injured animals other than on a free, non-profit, and non-charge basis.

"7. The defendant corporation is not a registered or licensed veterinarian as that term is utilized in Chapter 340, Revised Statutes of Missouri, 1953, said chapter treating of and dealing with and controlling the practice of veterinary medicine in the State of Missouri.

"8. Contrary to the provisions of said Chapter 340 R.S.Mo.1953, and in excess of the powers granted to it by the State of Missouri as set forth and described in the Articles of Agreement and amendments thereto, the defendant corporation has engaged, and is now engaged, in the illegal and unlawful practice of veterinary medicine, and

has engaged and is now engaging in the practice of veterinary medicine for profit beyond the scope of its charter, and in direct and unfair and illegal competition with the plaintiffs in the following particulars:

"a. The defendant corporation has, and is presently, practicing veterinary medicine as a corporation in violation of the provisions of Chapter 340, R.S. Mo.1953.

"b. The defendant corporation has, and is presently, engaged in the practice of veterinary medicine for profit by charging fees of the public for services rendered by its staff to diseased and injured animals.

"c. The defendant corporation has engaged, and does engage and employ and staff a group of veterinary doctors, both licensed and unlicensed, in direct competition with the plaintiffs, said staff performing all kinds and manner of veterinary surgery and medicine for which charges are made to the owner of such animals treated, such charges, or a percentage thereof, being turned over to the defendant corporation, which derives a profit therefrom."

There are other allegations following these relating to the press and radio and television programs of the defendant corporation; and allegation that the defendant corporation neglects to provide free animal clinics and emergency treatments; and a further allegation that it advertises twenty-four hour emergency service but that the service is confined only to the daylight hours. It continues:

"As a result of the illegal and ultra vires acts of the defendant corporation as set forth above, the plaintiffs have suffered, and are now suffering, and will suffer irremediable and irreparable injury to their profession, occupation, and property rights in said profession and occupation for the reason that:

"a. Said acts have caused, and are causing, animal owners in the City and County of St. Louis, and adjoining areas, to obtain treatment and care for their diseased and injured animals from the defendant at a price that the plaintiffs are unable to compete with.

"b. The defendant corporation is in direct competition with veterinary doctors, and with the plaintiffs in particular, of the St. Louis and St. Louis County areas.

"c. Defendant corporation has, and is, deriving profit from the treatment of diseased and injured animals, the care of which would normally devolve upon the plaintiffs and other veterinary doctors of the area, such profit being the result of the status of the defendant corporation as an ostensibly benevolent association with which the plaintiffs cannot possibly compete."

It concludes with a prayer that the court enter an order restraining the defendant from the illegal practice of veterinary medicine, from charging fees, and from advertising as a free animal clinic.

As stated, the defendant filed a motion to dismiss the plaintiffs' petition on the ground that it failed to state any claim upon which relief could be granted to plaintiffs. It also alleged that the plaintiffs were individually licensed veterinarians seeking to prohibit a charitable corporation, and that, as a matter of law, such relief could not be obtained in a proceeding such as they sought to bring. It also alleged that any claim as to ultra vires activities can be questioned only by the Attorney General of the State of Missouri, and that the only proper plaintiffs would be those named in Chapter 340 of the Missouri Revised Statutes of 1949, as amended in 1953, V.A.M.S.

The court, after due consideration of the motion filed, sustained it on the ground that the legality of the acts of the Humane Society of Missouri could only be questioned by the Attorney General or Circuit Attor-

ney, and for the further reason that the only legal plaintiffs would be those named in the statute mentioned.

■■ The first point raised in the appeal is that the court erred in dismissing the plaintiffs' petition on the ground that plaintiffs were not proper parties to seek the restraint of ultra vires acts of a corporation. If this were the purpose of the petition the court was upon firm ground in dismissing it, for it is established law in Missouri that it is the province of the State to call into question the right to exercise corporate powers. With exceptions, not here present, it is not a matter to be determined in a collateral action. Rockhill Tennis Club of Kansas City v. Volker, 331 Mo. 947, 56 S.W.2d 9; Evangelical Lutheran Synod, etc. v. Hoehn, 355 Mo. 257, 196 S.W.2d 134; McCaleb v. Shantz, Mo.Sup., 318 S.W.2d 199. See also State ex rel. Schneider's Credit Jewelers, Inc. v. Brackman, Mo.Sup., 272 S.W.2d 289.

The plaintiffs, however, maintain that they are seeking by injunction to restrain the commission of a public nuisance, and that the unauthorized practice of veterinary medicine is declared by statute to be a public nuisance. There are a number of points in support of the trial court's judgment raised by the respondent. We will only treat with the statute upon which the appellants rely, for it does not afford a basis for their action, but, to the contrary, supports the judgment of the trial court in dismissing their petition.

The practice of veterinary medicine is regulated by Chapter 340 RSMo 1949, as amended, Laws of Missouri, 1953, V.A.M.S. This chapter provides that veterinarians shall be licensed; it states who may be licensed and the examination required to obtain a license when such examination is necessary. It sets up the Missouri Veterinary Board to give the examinations necessary, and provides that the Board may revoke or suspend licenses for certain causes. Section 340.170 provides:

"The unauthorized or illegal practice of veterinary medicine is hereby declared to be inimical to the general welfare of the people of this state and to constitute a public nuisance, and the attorney general, or any of the several county or circuit attorneys are hereby empowered to sue in the name of the state of Missouri, and the Missouri veterinary board is hereby empowered to sue in its own name to abate such nuisance. Laws 1953, p. 605, § 2."

■ It is clear that the statute sets up and covers the full field for licensing, regulating, and policing the practice of veterinary medicine. As stated in 82 C.J.S. Statutes § 333, p. 666:

" * * * where a statute enumerates the subjects or things on which it is to operate, or the persons affected, or forbids certain things, it is to be construed as excluding from its effects all those not expressly mentioned; and, where it directs the performance of certain things by specified means or in a particular manner, or by a particular person or class of persons, it implies that it shall not be done otherwise or by a different person or class of persons."

■ This is the rule by which we construe such a statute in Missouri, and the court properly held that the only parties entitled to bring an action under this statute are those enumerated within it. Everett v. County of Clinton, Mo.Sup., 282 S.W.2d 30; Mennemeyer v. Hart, 359 Mo. 423, 221 S.W.2d 960; Osagera v. Schaff, 293 Mo. 333, 240 S.W. 124.

The judgment dismissing the petition is affirmed.

ANDERSON, P. J., concurs.

RUDDY, J., not sitting.