Dear Mr. Kirkpatrick:
This is in response to your request for an opinion as follows:
 May the Secretary of State accept declarations of candidacy of non-partisan judges elected or appointed under the provisions of Article V, Section 25 of the Missouri Constitution who file their declaration of candidacy for retention in office with the Secretary of State by mail, as opposed to in person?
Article V, Section 25(c)(1), Missouri Constitution, provides in part pertinent to your request:
 Not less than sixty days prior to the holding of the general election next preceding the expiration of his term of office, any judge whose office is subject to the provisions of sections 25(a)-(g) [of Article V] may file in the office of the secretary of state a declaration of candidacy for election to succeed himself. . . . [Emphasis added]
Section 115.355.1, RSMo 1978, provides:
 Except as provided in subsection 2 of this section and in section 115.377, each declaration of candidacy for nomination in a primary election shall be filed by the candidate in person in the office of the appropriate election official. [Emphasis added]
Sections 115.355.2 and 115.377, RSMo 1978, are not pertinent to your request.
In our Opinion No. 359, Kirkpatrick, 1970, this office opined that Section 120.345, RSMo 1969 (repealed), required judges seeking retention pursuant to the Missouri nonpartisan court plan to file their declaration of candidacy with the Secretary of State's office in person. Section 120.345 was repealed by the General Assembly in 1977 with the passage of the Comprehensive Election Act of 1977, Sections 115.001 to 115.641, RSMo. Section 120.345 did not contain the limiting phrase "in a primary election" which is found in section 115.355.1. In Opinion No. 359 we noted:
 There is no intimation in the statute, . . . that it applies only to primary elections. Such section purports to apply to all candidates filing for the office of circuit judge. . . . Id. at 2.
In rendering this opinion, we are required to seek the intent of the legislature when interpreting statutes and the intent of the people when interpreting the constitution. State v. Burnau,642 S.W.2d 621 (Mo. banc 1982); Roberts v. McNary, 636 S.W.2d 332
(Mo. banc 1982). In so doing, we are to assign the words employed their plain, ordinary meaning. Roberts v. McNary, supra. The dictionary properly provides that meaning. Buechner v. Bond,650 S.W.2d 611 (Mo. banc 1982).
Where a statute requires the performance of an act by a particular class of persons, it implies that it excludes from its effects all those not expressly mentioned. 82 C.J.S., Statutes, Section 333; Parvey v. Humane Society of Missouri, 343 S.W.2d 678
(Mo.App. 1961). Thus, we believe that the General Assembly's use of the words "in a primary election" in Section 115.355.1 bespeaks an intention that filing in person is required only for candidates who seek nomination in a primary election. Because the primary election takes place in August (Section 115.121 RSMo 1978), more than sixty days prior to the general election at which judges are to seek retention, and because judges seeking retention do not become political party nominees (Article V, Sections 25(c)(1), 25(c)(2), and 25(f), Missouri Constitution), it is not our view that judges seeking retention under the non-partisan court plan are candidates in a primary election, to whom Section 115.355.1 applies.
We must yet determine if the Secretary of State has the authority to accept declarations of candidacy received in the mail. The word "file" as used in the constitutional provision earlier cited is defined in Webster's Third New International Dictionary (1965) as follows:
 [T]o deliver (as a legal paper or instrument) after complying with any condition precedent (as the payment of a fee) to the proper officer for keeping on file or among the records of his office.
In Labrier v. Anheuser Ford, Inc., 621 S.W.2d 51, 54 (Mo. banc 1981), our Supreme Court stated: "The filing is the actual delivery of the paper to the clerk. . . .' [citation omitted]." Said another way, a document is not filed until it is received by the appropriate official, here the Secretary of State.
When, as here, the law does not prescribe the manner in which the Secretary of State may accept the declaration of candidacy of a circuit judge seeking retention, we believe he may perform that duty in any manner consistent with the purposes of the law. 76 C.J.S, Officers, Sections 192-193, Bullock v. Calvert, 480 S.W.2d 367
(Tex. 1972). Therefore, we believe that the Secretary of State may accept declarations of candidacy mailed to his office by circuit judges seeking retention pursuant to Article V, Section25(c)(1), Missouri Constitution.
Because our Opinion No. 359, Kirkpatrick, 1970, is based upon a law now repealed, and because such opinion is inconsistent with this opinion, Opinion No. 359 is withdrawn.
CONCLUSION
It is the opinion of this office that the Secretary of State may accept declarations of candidacy received by mail from circuit judges seeking retention pursuant to Article V, Section 25(c)(1), Missouri Constitution.
The foregoing opinion, which I hereby approve, was prepared by my Deputy, Edward D. Robertson, Jr.
Very truly yours,
 JOHN ASHCROFT Attorney General