## DES MOINES, JUNE TERM, A. D. 1885,

IN THE THIRTY-NINTH YEAR OF THE STATE.

---

PRESENT:

Hon. JOSEPH M. BECK, Chief Justice.
    " AUSTIN ADAMS,
    " WILLIAM H. SEEVERS, ⎫
    " JOSEPH R. REED,   ⎬ Judges.
    " JAMES H. ROTHROCK. ⎭

---

| 66 | 205 |
| 124 | 478 |

### GILBERT v. HOFFMAN ET AL.

1. **Pleading:** DAMAGES BY EXPOSURE TO SMALL-POX: ITEMIZATION NOT
   REQUIRED. Plaintiff claimed damages of defendants on account of hav-
   ing been wrongfully exposed to the small-pox at their hotel, whereby
   she became sick, and was removed to a pest-house, where she suffered
   great bodily pain and mental anguish, and was permanently disfigured.
   Defendants moved that she be required to show in her petition each
   item of damages, how sustained, and the amount thereof. *Held* that
   the motion was properly overruled.

2. **Costs:** BOND TO SECURE AFTER ANSWER FILED: REMOVAL OF PLAINT-
IFF FROM STATE. Under the provisions of § § 2927, 2929 of the Code,
where the plaintiff became a non-resident of the state after the institu-
tion of the suit, and defendants on that account moved the court for
security for costs, but not until after they had answered, *held* that the
motion was made too late, and was properly overruled.

3. **Hotel-keeper:** SMALL-POX IN HOUSE: NEGLIGENCE: LIABILITY TO
GUEST CONTRACTING DISEASE. Where defendants, keepers of a hotel,
knew that the small-pox was prevalent in their house, and yet kept it
open for business, and allowed plaintiff, a stranger, and ignorant of the
presence of the disease, to become their guest, without informing her
of the facts, and she contracted the disease while in the house, and was
removed to a pest-house, and was permanently disfigured, *held* that they
were liable for the damages sustained by her.

4. ——: ——: DUTY OF GUEST TO INQUIRE. In such a case the keep-
ing the house open for business was in effect a representation to all
travelers that it was a reasonably safe place to stop, and the defendants
could not insist that plaintiff was negligent in acting on their represen-
tation so made, and in not inquiring further as to the truth of a rumor,
which she had heard, that the house was infected with the disease.

5. **Instructions:** REPETITION NOT REQUIRED. There is no error in refus-
ing to give instructions asked when the same doctrine is announced in
instructions given by the court on its own motion.

*Appeal from Plymouth District Court.*

TUESDAY, JUNE 2.

DEFENDANTS are the keepers of a hotel, and plaintiff was a
guest at their house, and while there contracted the small-pox.
She brought this action to recover damages sustained by her
in consequence of the sickness caused by said disease. She
alleged in her petition that defendants represented to her that
their hotel was a desirable place for guests, and that it was
free from small-pox, and that there was no person in said
hotel who was infected with that disease, and that, relying
upon the truth of these representations, she consented to
become a guest at said hotel. But she alleges that the repre-
sentations were false, and were known by defendants to be
false when they made them, and that the disease was then in
the hotel, and that there was a person then in the house who

was afflicted with the disease. These allegations are all denied by the defendants in their answer. There was a verdict and judgment for plaintiff, and defendants appeal.

*Argo, Kelly & Augir*, for appellants.

*Kelly & Zink*, for appellee.

REED, J.—I. The petition alleges that plaintiff contracted the small-pox in defendants' hotel, and became sick, and by reason thereof she was removed to a pest-house, where she suffered great bodily pain and mental anguish, and was permanently disfigured in person; and her damage is laid at $5,000. Defendants filed a motion for a more specific statement, in which they asked (1) that plaintiff be required to make her petition show each item of damages, how sustained, and the amount thereof; and (2) that she be required to show in her petition how and in what manner she was damaged. This motion was overruled, and this ruling is assigned as error by appellants. We think the motion was properly overruled. The damages occasioned by injuries of the character of those complained of by plaintiff are not ordinarily capable of being itemized. The physical and mental suffering endured by plaintiff while in the pest-house, and the permanent disfigurement of her person, are the injuries which it is alleged she sustained in consequence of the wrongful act of defendants, and it is sufficient to allege in a general way the damages which it is claimed resulted therefrom. Plaintiff could not be required on the trial to introduce evidence of the amount of her damages in consequence of these injuries, but the question as to the amount which should be awarded her therefor would be left to the jury, to be determined from all the circumstances of the case, and there is no reason for requiring the pleading to be more specific in this respect than the proof is required to be made. It is a sufficient answer to the second ground of the motion to say that the petition did show how and in

*Marginal note:* 1. PLEADING: damages by exposure to small-pox: itemization not required:

what manner plaintiff claimed to have been damaged. It is alleged therein that she was induced by the representations of defendants to become a guest at their hotel, and that she was there, in consequence of their wrongful act, exposed to the disease, and that, in consequence of such exposure, she was infected with the disease, and suffered the injuries enumerated. This, we think, is a sufficient statement as to the manner in which she was damaged.

II. When the suit was instituted plaintiff was a resident of this state, but before it was tried she removed from the state. After her removal from the state defendants filed a motion for an order requiring her to give a bond to secure the costs which should accrue in the case. They had answered before this motion was filed. The district court overruled the motion, and this ruling is assigned as error. It is provided by section 2929 of the Code that, "if the plaintiff in an action, after its institution, becomes a non-resident of this state, he may be required to give security for costs, in the manner, and under the restrictions, provided in the preceding sections of this chapter." The preceding sections of the chapter are 2927 and 2928. It is provided by the first of these sections that, " if a defendant shall, at any time before answering, make and file an affidavit stating that he has a good defense, in whole or in part, the plaintiff, if he be a non-resident of this state, * * * before any other proceedings in the case, shall file in the clerk's office a bond * * * for the payment of all costs which may accrue in the action. * * * *" Section 2928 provides that, upon the failure to file such bond within the time allowed by the order of the court, the action shall be dismissed. The district court took the view that, as defendants had answered before the motion and affidavit for security were filed, plaintiff could not then be required to file a bond; and we think this view is correct. The express provision of section 2927 is that the defendant shall make and file the affidavit before answering, and this

*2. costs: bond to secure after answer filed: removal of plaintiff from state.*

provision constitutes one of the restrictions referred to in section 2929.

III. The evidence given on the trial shows that plaintiff arrived by train at the town in which the defendants' hotel was situated, at about three o'clock in the morn-

**3. HOTEL-KEEPER: small-pox in house: negligence: liability to guest contracting disease.**

ing. She was met at the depot by her husband, who had been stopping for a number of days at the hotel, and she accompanied him to the house, and remained there as a guest until the evening of the next day, when the hotel was closed and " quarantined" by the authorities of the town; that is, the inmates of the house were not permitted to depart from it, except as they were removed to the pest-house when they were taken with the disease; and the public was excluded from it. When she went to the house, one of the guests was lying sick in a room in the house, and his disease proved to be the small-pox. He was examined by the physician the day before plaintiff arrived at the hotel, and there was evidence tending to prove that the physician then pronounced the disease small-pox, and informed defendants that that was its character. There is a conflict in the evidence, it is true, as to the time when defendants were informed as to the character of the disease with which this person was afflicted, but the jury were warranted in finding that the information was communicated to them on the day before plaintiff's arrival at the hotel. There was also evidence tending to prove that, in a conversation a few hours after her arrival, one of the defendants assured her husband in her presence that the disease was not in the house, and that the rumors that the person who was sick in the house had small-pox were circulated for the purpose of injuring the business of the hotel. While plaintiff's husband was at the depot awaiting her arrival, he was informed that a rumor was current that the disease was in the house, and he informed her of this before she went there.

Counsel for appellants contend that this evidence did not warrant the jury in finding for the plaintiff, because (1) it

does not show that defendants were guilty of such negligence as renders them liable; and (2) that plaintiff, by going to the house after she was informed of the rumor which was current as to the presence of the disease, and without instituting an inquiry as to its truth, was guilty of such contributory negligence as precludes a recovery. But this position cannot be maintained. The jury, as we have seen, were warranted by the evidence in finding that defendants, with knowledge of the prevalence of the disease in the hotel, kept it open for business, and permitted plaintiff to become a guest, without informing her of the presence of the disease. That they would be liable to one who became their guest under these circumstances, and contracted the disease while in their house, and who was himself guilty of no negligence contributing to the injury, there can be no doubt.

The district court properly left it to the jury to determine whether plaintiff was guilty of imprudence or negligence in going to the hotel after she heard the rumor that the disease was in the house, without inquiring further as to its truth; and they were told that, if the circumstances were such as that ordinary prudence and care demanded that she should, before going to the hotel, make further inquiry as to the truth of the rumor, and she neglected to do this, and this neglect contributed to the injury, she could not recover. The instruction states the rule on the subject quite as favorably to the defendants as they had the right to demand. By keeping their hotel open for business, they in effect represented to all travelers that it was a reasonably safe place at which to stop; and they are hardly in a position now to insist that one who accepted and acted on this representation, and was injured because of its untruth, shall be precluded from recovering against them for the injury, on the ground that she might by further inquiry have learned of its falsity. But the jury were warranted by the evidence in finding that she was not guilty of negligence in not inquiring further as to the truth of the rumor before going to the

4.——:——:
duty of guest
to inquire.

hotel. Her husband, who informed her of the rumor, had been stopping at the hotel for two or three days, and had heard nothing while about the house of the prevalence of the disease. The information as to the currency of the rumor was communicated to him at the depot while he was awaiting the arrival of the train. The jury might well have concluded that under the circumstances she was justified in assuming that the rumor was not of such importance as to demand further investigation.

IV. Appellants assign as error the refusal of the court to give certain instructions asked by them. The rule announced in these instructions is substantially the same as that given in the instruction referred to in the foregoing paragraph of this opinion. We need not inquire whether they correctly express the law, as substantially the same doctrine was given by the court in the instruction given on its own motion. Defendants have no ground of complaint because of the refusal to give them.

5. INSTRUCTIONS: repetition not required.

AFFIRMED.