CHESTER D. LONG, *a minor, by his next friend, Major C. Long,* v. THE CHICAGO, KANSAS & WESTERN RAILROAD COMPANY.

CONTAGIOUS DISEASE OF SERVANT — *Liability of Master.* Where a railroad company has in its employ an agent at a station authorized to sell tickets upon its line of road, and he happens at the time to be afflicted with a contagious disease, and another person comes in contact with such agent in purchasing at the station a railroad ticket, and thereby contracts from the agent the disease, the railroad company is not liable in damages therefor, if neither the company nor any of its superior officers had any knowledge that the ticket

agent was afflicted with such a disease. In such a case, knowledge on the part of the railroad company is an element essential to liability.

*Error from Kingman District Court.*

THE opinion states the facts. Judgment for the defendant *Company*, at the September term, 1888. The plaintiff, *Long*, comes to this court.

*Patterson & Whittinghill*, and *Wm. Mumford*, for plaintiff in error.

*Geo. R. Peck, A. A. Hurd*, and *Robert Dunlap*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The facts in this case are substantially as follows: Chester D. Long went to the small station of Anness, on the defendant's line of railroad, to purchase a ticket to take passage on its road. In doing so, he came in contact with one Clayton, the agent who was selling tickets at that station, and he charges that Clayton at the time was afflicted with the contagious disease of small-pox, a fact which Clayton either knew or might have known at the time, and that, by reason of coming into close proximity with Clayton, the plaintiff contracted the disease and suffered from the same. Subsequently Long, by his next friend, Major C. Long, brought his action to recover $20,000 damages, alleged to have been suffered by him. The railroad company filed a demurrer to the petition, which the court below sustained. Complaint is made of this ruling.

It is the rule that, where the owner of a house, office or other tenement, knowing that it is so infected by the small-pox or any other contagious disease as to be unfit for occupation, and to endanger the health and lives of the occupants, and concealing this knowledge from the person invited, induces him to hire, occupy or visit it, and the person so hiring or invited takes a disease by reason of the infection, the owner is guilty of actionable negligence. In such a case, however, it must be shown that the owner knew that the house, office or tenement was so

infected as to endanger the health or life of any person who might visit or occupy it. Knowledge is an element in the intent essential to liability. (Bishop, Non-Contr. Law, § 502; *Meeker v. Van Renssalaer*, 15 Wend. 397; *Minor v. Sharon*, 112 Mass. 477; *Cesar v. Karutz*, 60 N. Y. 229; *Smith v. Baker*, 20 Fed. Rep. 709; *Gilbert v. Hoffman*, 66 Iowa, 206.) In this case, it is not charged that the railroad company or any of its superior officers knew that its agent at Anness was afflicted with any disease, contagious or otherwise. We do not think that a master or a railroad company is liable in damage to a third person because such person has contracted a contagious or infectious disease from an agent, when the master or company has no knowledge that the agent is afflicted. Proof of *scienter* is necessary.

An insane person is civilly liable to make compensation in damages to persons injured by his acts. An innkeeper who was insane was held liable for not keeping the goods of his guest safely. (*Cross v. Andrews*, 2 Cro. Eliz. 622. See also, Cooley, Torts, § 99, p. 115; 11 Am. & Eng. Encyc. of Law 144.) Insanity is a disease, but a master or railroad company will not be liable for such infirmity in an agent, having no knowledge thereof. (Story, Ag., § 8; and see Pope, Lun. 340; Russell, Merc. Ag. 5; 8 Jarm. & B., Conv. 10; Busw., Insan. 313.) But if one knowingly employs an insane person as his servant or agent, he will be liable for damages to innocent third persons resulting from acts done by the insane person in the scope of his employment. (Busw., Insan., § 257. The *scienter*, however, must be shown. The employment knowingly of an improper person to come in contact with the public as an agent would be gross misconduct; but if the master or railroad company is faultless in regard to employing an agent and in continuing his employment, the master or railroad company ought to be excused civilly from the consequences of any secret disease or like infirmity of the agent, in the absence of all knowledge thereof. Even a dog which has manifested no vicious propensities may be kept by its owner without being tied, or otherwise secured; but if the animal is vicious and the owner

has been notified of the fact, a duty is then imposed upon him to keep the animal secure, and he is responsible for any mischief if he fails to observe this duty. The *scienter* must be established.

Chester D. Long was lawfully in the station at Anness, and was without fault on his part in purchasing his ticket of Clayton, the agent; and in selling his ticket, Clayton was acting clearly within the scope of·his employment; but his disease was not known to the railroad company, or any of its superior officers, and although it was contemporaneous with his employment, the railroad company cannot be charged with the consequences thereof. The negligent or accidental act, if any, of the agent in imparting a contagious disease to Long, the purchaser of the railroad ticket, was not within the scope of his authority, so as to charge the company, his master. The sickness of an agent with a contagious disease cannot be presumed to be authorized or directed by the master, and is not an incident in any way to the employment of selling tickets,. or acting as agent at a station.

We are not referred to any decisions, and we cannot find in the books where a master or railroad company has been held liable in a case like this.

The judgment of the district court will be affirmed.

All the Justices concurring.