KLIEGEL, Respondent, vs. AITKEN, Appellant.

*November 5 — November 24, 1896.*

*Master and servant: Exposure to contagious disease: Experts: Hypothetical question: Res gestæ: Agency: Authority: Instructions: Future suffering: Damages: Remission of excess: New trial.*

1. Where a servant, ignorant of the danger and unable to know it by the exercise of ordinary care, is exposed by her master without warning to an infectious or contagious disease, and thereby contracts it, the master is liable if he either knew, or in the exercise of ordinary care ought to have known, of the danger.

2. Where in such a case no important or material omission is pointed out in a hypothetical statement of plaintiff's testimony, upon which, together with her whole testimony, medical experts are asked to base an opinion as to when and where she contracted the disease, it was not error to allow the question to be answered, even by witnesses who had not heard a portion of her cross-examination, upon which, however, nothing new of importance was developed.

3. Where the contract of hiring was at issue and the evidence tended to show that defendant, whose daughter was sick, had sent P. to plaintiff's house to ask her to come and help in the family, and

that P. did come to see her, what P. said at that time as to the character of the disease was admissible as part of the *res gestæ*.

4. P. could not bind defendant by a statement as to the character of the disease unless the defendant authorized him expressly or impliedly to make a statement on that subject, and the jury should be so instructed on request; but in the absence of such a request, an instruction to the effect that if P. was defendant's agent he could bind defendant for anything within the scope of his agency, whatever they found that to be, was not error.

5. An instruction that plaintiff "is entitled to damages for the pain and suffering she has endured in the past and which she *may* have to endure in the future. But in order to assess damages for the future, you must be satisfied to a reasonable extent from the evidence that she will continue to suffer," is *held* equivalent to an instruction that she could recover for such future suffering only as she was "reasonably certain" to endure.

6. The fact that the plaintiff was not of age at the time she was taken sick and that her father had paid her doctor's bill would not afford ground for a new trial because the verdict included damages therefor, where the maximum she could have earned during minority and the amount of the doctor's bill were capable of definite ascertainment, and plaintiff remitted from the verdict more than sufficient to cover those amounts.

APPEAL from a judgment of the circuit court for Waukesha county: WARHAM PARKS, Circuit Judge. *Affirmed.*

This is an action to recover damages resulting to the plaintiff from an attack of typhoid fever, which she claims she contracted while employed as a servant in defendant's family. It appears that the defendant's daughter was ill with typhoid fever when the plaintiff was employed, and subsequently died from the disease; that plaintiff worked in the house from Monday until the following Saturday, doing, as she claims, work about the sickroom as well as other domestic duties. She claims that she did not know that the defendant's daughter was ill of typhoid fever, nor of the danger of infection, when she went to work; that no one informed her of the fact that the daughter had typhoid fever until the evening of Tuesday, when Mrs. Aitken told

her, but assured her it was not contagious. She also claims that one Patterson, who was sent by defendant to see her and get her to come to work, told her that the defendant's daughter was ill of nervous prostration. The complaint is based upon the alleged false misrepresentation as well as upon negligent failure to inform plaintiff of the true nature of the disease and its dangerous character. The evidence of the defendant tended to show that the plaintiff was told and knew that the disease was typhoid fever when she came to work, and, further, that she did no work about the sick-room. The fact that plaintiff went away from defendant's house feeling badly, and in a few days came down with a serious attack of typhoid fever, is not denied. The jury returned a verdict for the plaintiff for $1,250, from which the plaintiff remitted $250, and judgment was entered for the plaintiff for $1,000 and costs, and the defendant appealed.

For the appellant the cause was submitted on the brief of *Dalberg & Becher*. They contended, *inter alia*, that the questions propounded by plaintiff's counsel to the medical witnesses, as to whether the employment was dangerous and as to when and where plaintiff contracted the disease, were questions for the jury after being put in possession of all the facts. They related to a subject matter which the jury were as competent to determine as the witnesses. To allow the witnesses to give their opinion was a usurpation of the province of the jury and prejudicial to defendant. *Baker v. Madison*, 62 Wis. 137, 143; *Oleson v. Tolford*, 37 id. 327, 330; *Benedict v. Fond du Lac*, 44 id. 495, 496; *Knoll v. State*, 55 id. 249, 253; *Noonan v. State*, id. 258, 261; *Paine v. Eastern R. Co.* 91 id. 340, 348; *Seliger v. Bastian*, 66 id. 521, 522; *Mellor v. Utica*, 48 id. 457, 459; *Griffin v. Willow*, 43 id. 509, 511; *Hermes v. C. & N. W. R. Co.* 80 id. 593; *Wiltse v. Tilden*, 77 id. 156; *Luning v. State*, 2 Pin. 215. The instruction as to recovery for future disability was erroneous, because it failed to limit the recovery to such as

was reasonably certain to result from the injury complained of. *Smith v. Milwaukee B. & T. Exch.* 91 Wis. 368; *Raymond v. Keseberg,* id. 195; *White v. Milwaukee City R. Co.* 61 id. 541; *Hardy v. Milwaukee St. R. Co.* 89 id. 187; *Block v. Milwaukee St. R. Co.* id. 380; *Kucera v. Merrill L. Co.* 91 id. 645.

For the respondent there was a brief by *Ryan & Merton,* and oral argument by *E. Merton.*

WINSLOW, J. The general principle is well established that one who negligently — that is, through want of ordinary care — exposes another to an infectious or contagious disease, which such other thereby contracts, is liable in damages therefor, in the absence of contributory negligence or assumption of the risk. *Gilbert v. Hoffman,* 66 Iowa, 205; *Smith v. Baker,* 20 Fed. Rep. 709. It follows from this that, if a servant is exposed by his master without warning to such a risk, and thereby contracts the disease, he being ignorant of the danger, and unable to know of it by the exercise of ordinary care, the master is liable if he either knew, or in the exercise of ordinary care ought to have known, of the danger. This is but an application to different circumstances of a rule frequently applied in cases of injuries received by a servant resulting from latent dangers in machinery; namely, that a servant is not to be exposed without warning to latent dangers of which he knows nothing, and is not chargeable with imputed knowledge, provided the master knew, or ought to have known, of the danger. In the case before us the complaint charged a case within the foregoing principles, and the plaintiff's evidence tended to establish such a case. The judge's charge was also in substantial accord with the principles stated, and the only questions to be considered relate to rulings in the course of the trial. A number of exceptions were preserved upon the trial, and those which seem to us of sufficient importance will now be briefly considered.

1. Certain medical experts were called, and hypothetical questions were put to them, purporting to state the facts testified to by the plaintiff, and they were asked upon these facts and upon all the plaintiff's testimony when and where, in their opinion, the plaintiff contracted the disease. All the experts, save two or three, testified that they had heard all of the plaintiff's testimony, and the two or three say that they heard all but a portion upon recross-examination, which appears to have developed nothing of moment in addition to her previous testimony. The facts stated in the question itself seem to be justified by the plaintiff's evidence. The defendant has called attention to no important or material omissions or misstatements, and we are unable to discover any error in the ruling of the court allowing the questions to be answered.

2. The complaint charged an actual misrepresentation as to the nature of the disease with which the defendant's daughter was afflicted, as well as negligent failure to warn the plaintiff of the danger. The answer of the defendant denied that he ever called on the plaintiff, or authorized any one to call on her, to take care of his daughter; and in fact it may be construed to deny that he ever employed the plaintiff at all, though admitting that she was at his house for a time, rendering assistance. Evidently, to meet this denial, the plaintiff proved that defendant sent one Patterson to her house to ask her to come and help in the family, and then proved that Patterson did come and see her, and told her, in course of the conversation, that the defendant's daughter had nervous prostration. This evidence as to what Patterson said as to the character of the disease was objected to, but allowed to go in by the court. We think it was admissible as part of the transaction. The contract of hiring was put in issue by the answer. It was certainly competent, perhaps essential, that the plaintiff should prove that the defendant applied to her, either personally or by an agent, to come to work for him; and the entire

conversation at the time seems clearly admissible as part of
the *res gestæ*, if on no other ground. So there appears to
us to be no error in admitting the evidence. The effect,
however, which that statement should have on the case is
a different question. The trial judge, in his original charge
to the jury, entirely ignored the question of the alleged false
representation by Patterson, and submitted the case to the
jury solely upon the question as to whether the defendant was
liable for negligence in not warning the plaintiff of the nat-
ure of the disease and the danger of infection or contagion.
The defendant proposed no instruction, but at the conclu-
sion of the charge asked the trial judge if he would charge
the jury on the question of misrepresentation and the
agency of Mr. Patterson. In response to this the judge said
to the jury, in substance, that, if Patterson was defendant's
agent, he could bind defendant for anything within the
scope of his agency, whatever they found that to be, but no
further; that Patterson claimed he had no authority from
defendant to say she had anything else, and that he said
what he did say of his own accord. We should have been
better pleased had the trial judge charged directly that Pat-
terson could not bind the defendant by a statement as to
the character of the disease unless *Aitken* authorized him
expressly or impliedly to make a statement on the subject.
Probably the judge would have given such an instruction
had he been requested to do so, but he was not asked. As to
the instruction which was given, it seems to us not incorrect
in itself, and, while not as definite as might have been de-
sired, we think it must have been understood by the jury as
meaning that, unless Patterson had authority from defend-
ant to make some statement on the subject, no representa-
tion which he made would be binding on the defendant.

3. As to the measure of damages the court charged that
she might recover for her loss of time while ill; her medical
expenses. " Then she is entitled to damages for the pain

and suffering she has endured in the past and which she *may* have to endure in the future. But, in order to assess damages for the future, you must be satisfied to a reasonable extent from the evidence that she will continue to suffer." It is said that this charge violates the rule laid down in *Hardy v. Milwaukee St. R. Co.* 89 Wis. 183, and other cases, to the effect that damages for future disability must be such as are *reasonably certain* to result, not such as *may* result. The criticism is not well founded. The judge told the jury that, in order to assess damages for the future, they must be satisfied to a reasonable extent from the evidence that she will continue to suffer. This, it seems to us, is a substantial equivalent to "reasonable certainty."

4. Upon motion for a new trial the point was made that the plaintiff was not of age when taken sick, and did not attain her majority until about eight months thereafter; consequently, that she had recovered for time lost before her majority, which of course belonged to her father; also that the evidence showed that the medical bill of $80 was paid by her father. Upon this the plaintiff remitted $250 from the verdict. The testimony showed the number of weeks which elapsed after her illness began and the time of her majority; also the maximum amount which she could earn per week; also the exact amount of the physician's bill, paid by her father. These, being certain and definite sums, could be ascertained by the court without assuming the functions of a jury, and they could, therefore, be remitted. *Nudd v. Wells*, 11 Wis. 407. The amount remitted by the plaintiff more than covers these amounts, but of this the defendant cannot complain. We find no substantial errors in the record.

*By the Court.*— Judgment affirmed.