26 N.J. Super. 471 (1953)
98 A.2d 107
BONITA SUSAN EARLE, AN INFANT BY HER GUARDIAN AD LITEM DONALD C. EARLE AND DONALD C. EARLE INDIVIDUALLY, AND RUTH EARLE, PLAINTIFFS-APPELLANTS,
v.
JEAN KUKLO, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 22, 1953.
Decided June 24, 1953.
*473 Before Judges GOLDMANN, SMALLEY and SCHETTINO.
Mr. J. Mortimer Rubenstein argued the cause for appellants.
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Plaintiffs appeal from an order of the Superior Court, Law Division, striking their amended complaint for failure to state a claim upon which relief can be granted.
Defendant is the owner of a two-family house and occupies the first-floor apartment with her husband and daughter. On or about June 22, 1951 she rented the second-floor apartment to the plaintiffs Donald C. Earle and Ruth Earle, his wife. A daughter, Bonita Susan Earle, was born shortly after.
This action was instituted on behalf of the infant by her father as guardian ad litem, and by the Earles individually. The amended complaint alleges that for some time prior to June 22, 1951 and until December 8, 1951, defendant, her husband and daughter "were infected with a dangerous, contagious and infectious disease of tuberculosis, and this fact was known or should have been known" to defendant; that *474 defendant was under a duty to notify plaintiffs of said condition and to abstain from close personal contact with plaintiffs at all times; that she failed to disclose the condition and allowed herself to come into close personal contact with plaintiffs on numerous occasions, and that as a result of defendant's negligence the infant plaintiff contracted tuberculosis and has been hospitalized for a long period of time. Plaintiff infant, by her guardian ad litem, seeks damages for past and future pain and suffering, permanent injury to her present and future state of health, and impairment of future earning power. The father demands damages for hospital and medical expenses incurred, for future medical expenses, and for loss of companionship; the mother seeks damages for loss of companionship and future loss of the services and earnings of her daughter. Defendant filed an answer denying the material allegations of the amended complaint and at the same time moved to dismiss it on the ground that it failed to state a claim upon which relief could be granted.
The Law Division erred in granting the order of dismissal.
An infectious disease is one caused by the entrance, growth and multiplication of micro-organisms in the body. It may or may not be contagious, i.e., transmitted from one person to another by mediate or immediate contact. Maloy, Medical Dictionary for Lawyers (2d ed. 1951), p. 320. Tuberculosis is an infectious disease caused by Bacillus tuberculosis. Ibid., p. 550. The vast majority of tubercular patients gain their infection through inhalation of the bacilli directly into the lungs. Infection is usually due to the inhalation of wet sputum coughed into the air, where it may float about in the form of tiny globules for a considerable time and distance. 1 Gray, Attorney's Textbook of Medicine (3rd ed. 1949), § 36.11, p. 542.
New Jersey has recognized the infectious and communicable nature of tuberculosis by including regulations concerning this disease in R.S. 26:4-1 et seq. For example, R.S. 26:4-15 requires a physician to report the existence of tuberculosis in any of its manifestations within 12 hours after his first professional attendance upon any person suffering *475 from that disease. A like duty to report is placed upon a house owner or householder "who has reason to believe that any person living, dwelling or being in any building under his control is affected by [tuberculosis], when no physician has professionally attended the sick person." R.S. 26:4-16. Additionally, R.S. 26:4-61 provides that any person having tuberculosis, "who shall dispose of his sputum, saliva, or other bodily secretion or excretion in such a way as to cause offense or danger to any person shall be deemed guilty of a nuisance."
As stated in 25 Am. Jur., Health, § 45, p. 318:
"The general principle is well established that a person who negligently exposes another to an infectious or contagious disease, which such other thereby contracts, is liable in damages therefor. * * * The degree of diligence required to prevent exposing another to a contagious or infectious disease depends upon the character of the disease and the danger of communicating it to others. In order to show negligence in exposing another to a contagious or infectious disease, it must be proved that the defendant knew of the presence of the disease."
Edwards v. Lamb, 69 N.H. 599, 45 A. 480, 50 L.R.A. 160 (Sup. Ct. 1899); Kliegel v. Aitken, 94 Wis. 432, 69 N.W. 67, 35 L.R.A. 249 (Sup. Ct. 1896); Franklin v. Butcher, 144 Mo. App. 660, 129 S.W. 428 (Ct. App. 1910); Smith v. Baker, 20 F. 709 (C.C.S.D.N.Y. 1884). Cf. Long v. Chicago K. & W.R. Co., 48 Kan. 28, 28 P. 977, 15 L.R.A. 319 (Sup. Ct. 1892); Missouri K. & T. Ry. Co. of Texas v. Wood, 95 Tex. 223, 66 S.W. 449, 56 L.R.A. 592 (Sup. Ct. 1902).
One who rents premises to another, knowing that the premises are infected with contagious disease germs which render them dangerous, without disclosing that fact to the tenant, is liable in damages for injury resulting from the contracting of the disease by the tenant or a member of his family. Minor v. Sharon, 112 Mass. 477, 17 Am. Rep. 122 (Sup. Jud. Ct. 1873); Cesar v. Karutz, 60 N.Y. 229, 19 Am. Rep. 164 (Ct. App. 1875); Gilbert v. Hoffman, 66 Iowa 205, 23 N.W. 632, 55 Am. Rep. 263 (Sup. Ct. 1885); *476 32 Am. Jur., Landlord and Tenant, § 676, p. 545; 52 C.J.S., Landlord and Tenant, § 417, p. 16; Annotation, 26 A.L.R. 1265; Prosser on Torts (1941), p. 650. Cf. Davis v. Smith, 26 R.I. 129, 58 A. 630, 66 L.R.A. 478 (Sup. Ct. 1904); Finney v. Steele, 148 Ala. 197, 41 So. 976, 6 L.R.A. (N.S.) 977 (Sup. Ct. 1906).
In this case, all that the trial court had before it was the amended complaint, answer and the motion itself. Summary judgment should have been granted only if the pleadings showed palpably that there was no genuine issue as to any material fact challenged and that the moving party was entitled to judgment as a matter of law. Rule 3:56-3. The pleadings clearly raised disputed questions of fact which, with the inferences to be drawn therefrom, should have been resolved by competent evidence on formal hearing. No reason for dismissing the complaint is discernible unless we assume that the trial court concluded that tuberculosis was not a dangerous and communicable disease  a conclusion contrary to all known medical authorities. Summary judgment should not have been granted. Stacy v. Greenberg, 9 N.J. 390, 401 (1952).
The judgment of dismissal is reversed and the cause remanded for trial.