This is an appeal from a summary judgment entered in favor of the defendant, Don T. Caldwell, and made final pursuant to Rule 54(b), A.R.Civ.P. The plaintiff, Sheryl Berner, alleged that Caldwell had negligently or intentionally transmitted herpes simplex virus type II (genital herpes) to her during the course of their sexual relationship. Ms. Berner sought compensatory as well as punitive damages under theories of wantonness, fraudulent suppression, willful misrepresentation, battery, and assault, in addition to her claim based on negligence. The evidence proferred by Ms. Berner in opposition to the summary judgment motion presented genuine issues of material fact on the negligence claim, but did not do so on the other claims under which she sought recovery. We, therefore, reverse the summary judgment as to the negligence claim, and affirm as to the other claims.
As a part of her complaint, Berner alleged that she had never had a sexual relationship with anyone until she met Caldwell, and that Caldwell was her exclusive sexual partner during their relationship. Near the end of their relationship, Berner developed an infection, which a physician told her was a symptom of genital herpes. Further tests revealed that her blood contained elevated amounts of the antibody to herpes simplex virus type II.
In his answer to her complaint, Caldwell alleged that he had had no knowledge that he carried the disease either at the time of their relationship, or at any other time. Caldwell also alleged that Berner had assumed the risk of contracting a venereal disease, and he counterclaimed, alleging defamation. The trial judge, after reviewing Caldwell's affidavit and Berner's deposition, granted Caldwell's motion for summary judgment on Berner's complaint. Caldwell's counterclaim is still pending.
The standard used to determine the propriety of granting a motion for summary judgment is found in A.R.Civ.P. 56(c):
 "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Page 688 
The burdens placed on a party by this rule have often been discussed by this Court:
 "The burden is on one moving for summary judgment to demonstrate that no genuine issue of material fact is left for consideration by the jury. The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact. Woodham v. Nationwide Life Ins. Co., 349 So.2d 1110 (Ala. 1977); Shades Ridge Holding Co. v. Cobbs, Allen Hall Mortg. Co., 390 So.2d 601
(Ala. 1980); Fulton v. Advertiser Co., 388 So.2d 533
(Ala. 1980)."
Schoen v. Gulledge, 481 So.2d 1094, 1096-97 (Ala. 1985).
In setting forth and applying this well-established summary judgment standard, we are aware that this Court, in the recent case of Lawson State Community College v. First ContinentalLeasing Corp., 529 So.2d 926 (Ala. 1988), quoted extensively from the United States Supreme Court case of Celotex Corp. v.Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), which we perceive as containing contradictory statements with respect to the movant's burden of proof. See, also, Anderson v.Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505,91 L.Ed.2d 202 (1986), and Matsushita Electric Industrial Co., Ltd. v.Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348,89 L.Ed.2d 538 (1986).
To the extent that certain language from these three United States Supreme Court cases, as well as certain language fromLawson State, may be interpreted as shifting the burden to the nonmoving party to show genuine issues of material fact, such language is expressly rejected and overruled. Where the plaintiff's statement of the claim correctly withstands a motion to dismiss, we continue to interpret (as evidenced by the holding in Lawson State) both the language and the spirit of Rule 56(c), A.R.Civ.P., to impose upon the movant the burden of showing material facts, which, if uncontested, entitle the movant to judgment as a matter of law.
The plaintiff in this case has alleged, and presented credible evidence, that she contracted a disease that can be transmitted only by intimate sexual contact; that the defendant was the only person with whom she had sexual contact; that she did not have the disease prior to their relationship; and that near the end of their relationship she discovered that she had the disease. Plaintiff thus relies upon an inference that the defendant is the only person who could have transmitted the disease to her. Alleging that the defendant intentionally failed to disclose to her the fact that he carried the disease, the plaintiff sought compensatory and punitive damages. The trial judge believed either that the inference upon which the plaintiff relies is not strong enough to support any of the theories of recovery, or that Alabama does not recognize an actionable claim for the contraction of a venereal disease under any sort of circumstances.
We disagree with both of these conclusions. The pleadings and the evidence produced in favor of, and that produced in opposition to, the motion for summary judgment, when viewed in the light most favorable to the plaintiff (the nonmoving party), do not display a complete lack of any genuine issue of material fact, which, if resolved in plaintiff's favor, will support an actionable claim for negligence. Therefore, the plaintiff has stated an actionable tort claim under the laws of the State of Alabama based on the transmission of genital herpes. Accordingly, we affirm the judgment with respect to the claims of wantonness, fraudulent suppression, willful misrepresentation, battery, and assault; and we reverse the judgment with respect to the negligence claim.
For over a century, liability has been imposed on individuals who have transmitted communicable diseases that have harmed others.[1] This result has also long *Page 689 
been reached in cases dealing with the transmittal of venereal diseases.[2] Several recent decisions in other jurisdictions have specifically imposed liability where the disease involved was genital herpes.[3]
This Court finds the reasoning of these cases persuasive and recognizes that a cause of action for the tortious transmittal of herpes simplex virus type II (genital herpes) exists under the law of Alabama. Our holding is in line with the public policy of this state, which seeks to protect its citizens from infection by communicable diseases. That policy encompasses sexually transmitted diseases, as evidenced by Ala. Code 1975, § 22-11-21(c) (Supp. 1988), which states:
 "(c) Any person afflicted with a sexually transmitted disease who shall knowingly transmit, or assume the risk of transmitting, or do any act which will probably or likely transmit such disease to another person shall be guilty of a Class C misdemeanor."
That civil liability, to be determined according to the traditional rules of tort law, should also attach to allow recovery for damages resulting from the transmission of a sexually transmitted disease is a natural corollary to the legislative will as statutorily expressed. With the rise in the number of reported cases of sexually transmitted diseases, and in view of the harm that results from these diseases, the imposition of such civil liability is clearly warranted.
While we will not discuss all of the elements of a claim for the tortious transmittal of genital herpes, we deem it necessary to provide some guidance concerning the issue of the duty of the infected party. We hold that one who knows, or should know, that he or she is infected with genital herpes is under a duty to either abstain from sexual contact with others or, at least, to warn others of the infection prior to having contact with them. We approve the language used by the Minnesota Court of Appeals in a recent case dealing with liability for transmitting genital herpes:
 "A reasonable person should know that if he/she has a contagious, sexually transmittable disease like genital herpes, the disease is likely to be communicated through sexual contact. Thus, people suffering from genital herpes generally have a duty either to avoid sexual contact with uninfected persons or, at least, to warn potential sex partners that they have herpes before sexual contact occurs."
R.A.P. v. B.J.P., 428 N.W.2d 103, 108 (Minn.App. 1988).
The court in R.A.P. v. B.J.P. and several other courts and legal commentators have extensively discussed the application of tort principles to cases dealing with the transmittal of genital herpes. These authorities have given both the elements of the possible causes of action and the defenses *Page 690 
that could be available to counter such a claim. While this Court does not deem it necessary in the present case to give such a detailed ruling, we do agree that traditional tort principles, governing both the causes of action and any defenses, apply in a case dealing with liability for the transmittal of genital herpes. We further note that, while the focus of this case is on liability for the transmittal of genital herpes, such liability could also be imposed for the transmittal of other sexually transmitted diseases.[4]
Viewing the record in the light most favorable to Ms. Berner, we hold that there is evidence that, if believed, will support a jury's finding consistent with the plaintiff's theory of negligence. Ms. Berner presented evidence, including diagnostic laboratory reports indicating that she was infected with herpes simplex virus type II, that was sufficient to rebut the motion for summary judgment on the negligence claim. While these tests are certainly subject to impeachment at trial, the plaintiff, to counter the defendant's evidence in support of his motion for summary judgment, need not show to a mathematical certainty that she would prevail on her claims; she need only place before the court genuine issues of material fact.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and ALMON, SHORES, ADAMS and KENNEDY, JJ., concur.
MADDOX, HOUSTON and STEAGALL, JJ., concur specially.
[1] See: Crim v. International Harvester Co., 646 F.2d 161 (5th Cir. 1981) (valley fever); Smith v. Baker, 20 F. 709 (C.C.S.D. N.Y. 1884) (whooping cough); Capelouto v. Kaiser Found.Hosp., 7 Cal.3d 889, 500 P.2d 880, 103 Cal.Rptr. 856 (1972) (salmonellosis); Hofmann v. Blackmon, 241 So.2d 752 (Fla. Dist. Ct. App. 1970) (tuberculosis); Earle v. Kuklo, 26 N.J. Super. 471, 98 A.2d 107 (App.Div. 1953) (tuberculosis); Jones v.Stanko, 118 Ohio St. 147, 160 N.E. 456 (1928) (smallpox);Franklin v. Butcher, 144 Mo. App. 660, 129 S.W. 428 (1910) (smallpox); Hewett v. Woman's Hospital Aid Ass'n, 73 N.H. 556,64 A. 190 (1906) (diphtheria); Edwards v. Lamb, 69 N.H. 599,45 A. 480 (1899) (sepsis); Kliegel v. Aitken, 94 Wis. 432,69 N.W. 67 (1896) (typhoid); Minor v. Sharon, 112 Mass. 477
(1873) (smallpox).
[2] See: Duke v. Housen, 589 P.2d 334 (Wyo.), cert. denied,444 U.S. 863, 100 S.Ct. 132, 62 L.Ed.2d 86 (1979) (gonorrhea);DeVall v. Strunk, 96 S.W.2d 245 (Tex.Civ.App. 1936) (crab lice);Crowell v. Crowell, 180 N.C. 516, 105 S.E. 206 (1920) (venereal disease).
[3] See: G.L. v. M.L., 228 N.J. Super. 566, 550 A.2d 525 (1988);R.A.P. v. B.J.P., 428 N.W.2d 103 (Minn.App. 1988); B.N. v. K.K.,312 Md. 135, 538 A.2d 1175 (1988); Maharam v. Maharam,123 A.D.2d 165, 510 N.Y.S.2d 104 (1986); S.A.V. v. K.G.V.,708 S.W.2d 651 (Mo. 1986); Long v. Adams, 175 Ga. App. 538,333 S.E.2d 852 (1985); Kathleen K. v. Robert B., 150 Cal.App.3d 992,198 Cal.Rptr. 273 (1984). See, generally, R. Prentice and P. Murray, Liability for Transmission of Herpes: UsingTraditional Tort Principles to Encourage Honesty in SexualRelationships, 11 Journal of Contemporary Law 67 (1984); Note,Sexual Transmission of Disease: Genital Herpes and the Law, 70 Cornell L.Rev. 101 (1984); Note, Herpes: A Basis for TortAction in California, 24 Santa Clara L.Rev. 189 (1984); Note,Kathleen K. v. Robert B.: A Cause of Action for Genital HerpesTransmission, 34 Case W.Res.L.Rev. 498 (1984); Comment, YouWouldn't Give Me Anything Would You? Tort Liability for GenitalHerpes, 20 Cal.W.L.Rev. 60 (1983).
[4] See Comment, AIDS — Liability for Negligent SexualTransmission, 18 Cum.L.Rev. 691-722 (1988) (discussing the history of imposing liability for the transmittal of communicable diseases and how such liability will apply to the transmittal of the AIDS virus).