ADAMS, Justice.
The plaintiff, C.B.E., Inc., appeals from a summary judgment entered in favor of the defendant, First National Bank of Tuska-loosa, now known as AmSouth Bank N.A.
C.B.E., Inc., contracted with the City of Thomasville, Alabama, to construct an elementary school building. C.B.E. thereafter subcontracted with Dwain Templeton of Templeton, Inc., to complete certain cabinet work and milling required on the project. In December 1987, Templeton, Inc., borrowed money from the bank and assigned its contract rights with C.B.E. to the bank. The assignment entitled the bank to all proceeds due Templeton with regard to the work done in connection with the school. In addition, the assignment specified that any overage in the amount received pursuant to the assignment would be applied to Templeton’s prior loan balance with the bank. C.B.E. was notified of the assignment by the bank and verified receipt of notice thereof shortly after the assignment was made.
In 1989, Templeton sent C.B.E. an invoice for $68,000 with regard to work done on the project. C.B.E. had the architect inspect the work and then remitted a $68,-000 check to the bank. The bank thereafter applied the check proceeds to Temple-ton’s loan balances. Almost a month later, C.B.E. learned that Templeton had not paid Garner & Associates for certain labor and materials supplied in connection with the work done. Upon learning that, C.B.E. wrote the bank, demanding that it hold the funds remitted by C.B.E. to the bank until a resolution of the matter could be reached. The bank had already disbursed the funds. Because Templeton did not pay the subcontractor and because the bank did not satisfy Garner’s demand for payment, C.B.E. paid Garner approximately $56,000 for work done plus interest, and C.B.E. thereafter sued the bank for a return of the funds.
C.B.E. contends that the bank was obligated to ensure that the work done by Templeton had been satisfactorily completed and that any subcontractors had been compensated prior to disbursing the funds. In addition, C.B.E. argues that the following language, written by C.B.E. on the back of the check to the bank, constituted a restrictive endorsement and obligated the bank to ensure that all materials had been paid for:
“By endorsement of this check payee acknowledges payment for labor, materials or both, used in construction at the following address: Thomasville Elementary School, Thomasville, Alabama.”
In the alternative, C.B.E. also argues that the check issued to the bank constituted a special deposit. We disagree with both arguments. Under the facts of this case, the bank took an assignment with regard to *206 Templeton’s right to proceeds pursuant to the contract. The assignment, however, did not obligate the bank to ensure that all subcontractors of Templeton had been paid and that the job itself had been satisfactorily completed. See Lawson State Community College v. First Continental Leasing Corp., 529 So.2d 926, 931 (Ala.1988), overruled on other grounds, Berner v. Caldwell, 543 So.2d 686 (Ala.1989). C.B.E. had had its architect inspect the cabinet work done by Templeton following the submission of the invoice for payment, and the architect approved the payment. C.B.E., however, did not, before disbursing the funds in question, contact Templeton to ensure that all subcontractors had been compensated. In fact, the contract between C.B.E. and Templeton did not require that all subcontractors be paid prior to any disbursements; rather, it required that all subcontractors be paid prior to final payment on the contract, and the payment made to the bank did not constitute complete payment on the contract. In addition, the bill from Garner & Associates was not due until approximately one month after the bank had received the funds in question. By that time, the bank had disbursed the funds and had done so with no knowledge of a dispute regarding payment of subcontractors. To find, as C.B.E. would have us find, that the bank was responsible for meeting Templeton’s obligations, would, in effect, make the bank an insurer of all projects upon which it takes assignments of contract rights. That would be an onerous burden. The bank took the check without notice of any fraud on the part of Templeton and applied those funds pursuant to the assignment agreement it had had with Templeton. In addition, the check sent to the bank was not sent to the bank for deposit, but, rather, was sent in compliance with the assignment of Templeton’s contract rights. The proceeds of the check were applied by the bank to Templeton’s loans and, thus, the transaction was not in the nature of a special deposit. We find no error.
As to C.B.E.’s contention that the language on the back of the check constituted a restrictive endorsement, we also disagree. The language clearly is a notation that C.B.E. had made payment to Tem-pleton regarding work done by Templeton on the job in question. The language in no way obligates the bank to ensure that all subcontractors had been paid. In fact, the bill from Garner & Associates did not come to the attention of either the bank or C.B.E. until after the check had been issued to the bank and the proceeds thereof had been applied to Templeton’s loans. The bank took the check without notice of any fraud on the part of Templeton, and the trial judge correctly entered the summary judgment in the bank’s favor.
AFFIRMED.
MADDOX, ALMON, STEAGALL and INGRAM, JJ., concur.