KENNEDY, Justice.
Randy Robertson, the plaintiff, appeals from a summary judgment in favor of the defendants, Jessie Woodard and Ann McBrayer. We affirm.
The facts of this case are undisputed and they arise out of the defendants’ sale of a house and lot to Ronnie and Patricia Tram-mell. The defendants are brother and sister. The property in question had belonged to their mother.
Robertson was employed by the buyers’ lending institution to inspect the electrical system in the house. He was paid $200 for his services. Robertson informed the defendants that significant repairs would be needed to bring the house up to requirements of the Southern Building Code. In response to Robertson’s recommendation, the defendants hired an electrician to make the necessary repairs. The electrician provided an invoice, representing that the work was completed. Robertson never returned to inspect the work done, but at closing he furnished an inspection certificate approving the house.
After closing, Robertson inspected the house and found that it still did not meet the Southern Building Code requirements. Without notice to either defendant, Robertson reimbursed the buyers for $3411.24 worth of additional repairs needed to bring the house up to the Code requirements. The buyers then assigned their rights under the sales contract to Robertson.
Robertson sued Woodard and McBrayer, alleging breach of contract and fraudulent misrepresentation of facts. The trial court entered a summary judgment on the defendants’ motion, and Robertson appeals.
Pursuant to Ala.R.Civ.P. 56(c), a summary judgment is proper “if the pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” The movant has the burden of establishing that there is no genuine issue of material fact. Berner v. Caldwell, 543 So.2d 686, 688 (Ala.1989). If the movant makes a prima facie showing that there is no genuine issue of material fact, then the burden shifts to the nonmov-ant to rebut the movant’s prima facie showing.
In order to rebut such a prima facie showing, the nonmovant must present “substantial evidence” creating a genuine issue of material fact. Substantial evidence is “evidence of such weight and quality that fair-minded persons, in the exercise of impartial judgment, can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
The defendants made the required prima facie showing that there was no genuine issue of material fact. In opposition to the motion for summary judgment, Robertson presented only his affidavit, and it was insufficient to create a genuine issue of material fact.
The judgment of the trial court is affirmed.
AFFIRMED.
MADDOX, SHORES and HOUSTON, JJ., concur.
HORNSBY, C.J., concurs in the result.