COOK, Justice.
Gordon Faulk, the defendant in a declaratory judgment action, appeals from a declaratory judgment in favor of three employers, John Goff, the Goff Agency, Inc., and National Benefit Administrators, Inc. As the plaintiff in a contract fraud action, Faulk appeals from a summary judgment in favor of John Goff, the Goff Agency, Inc., and National Benefit Administrators, Inc. The two actions were based on a contract dispute. Faulk had worked for the other parties as an independent contractor.
The two actions, although filed separately, involve the same set of facts, and a resolution of one results in the resolution of the other. Therefore, we will discuss only the summary judgment in Faulk’s contract and fraud action. We affirm.
The facts of the case are relatively simple. Faulk contends that the parties entered into an oral agreement whereby Faulk would maintain an office at the Goff Agency and would recruit new health business for the agency. The business arrangement called for him to operate out of Goff Agency’s offices. Faulk claims that pursuant to the agreement he was to receive $2.00 per person on new insurance accounts produced and was entitled to 10% of all new business of the company. Faulk was specifically involved in the acquisition of new health insurance prospects, but Goff Agency also provided services that generated new business in other areas of the insurance industry.
In support of their motion for summary judgment, the defendants offered evidence that Faulk was paid 10% of any new health business during his employment. During that time, Faulk received regular checks, which the defendants contend reflect that agreement. The defendants argue that there is no evidence that Faulk ever complained about the calculation of his commissions. In addition, Faulk admits that he once even pointed out to the payroll clerk that he had been overpaid. In further support of their motion for summary judgment, they offered evidence that Faulk received advances on future commissions, totaling approximately $20,000 and again never complained that he was entitled to at least a portion of that amount as commission. The balance of the monies advanced to Faulk were not repaid at his resignation. The defendants argue that only after resigning his employment did Faulk contend that the compensation he had received while at the Goff Agency was not the amount he and John Goff (the owner/operator of Goff Agency) had orally agreed upon.
Once the moving party has made a prima facie showing that no genuine issue of material fact exists, the burden shifts to the non-moving party to present substantial evidence creating a genuine issue of material fact. Rule 56(c), Ala.R.Civ.P.; Berner v. Caldwell, 543 So.2d 686 (Ala.1989). Clearly, the employers made a prima facie showing that there was no genuine issue of material fact. The evidence indicated that Faulk received cheeks on a regular basis reflecting payment for 10% of all new health business and for $2.00 per person on new business brought in by Faulk. This evidence indicates compliance with what the defendants contended the agreement to be. The burden then shifted to Faulk. He presented no substantial evidence to rebut that prima facie showing. Although Faulk stated that the agreement with his *986 employers was that he be entitled to 10% of all new business of his employer, he offered nothing to support his contention, and his conduct directly disputes his claim that he had not been paid in accordance with his agreement.
The summary judgment was appropriate. That summary judgment is affirmed. The declaratory judgment is also affirmed.
AFFIRMED.
MADDOX, ALMON, SHORES and INGRAM, JJ., concur.