The majority opinion correctly affirms the summary judgment in favor of Grove Hill Memorial Hospital Auxiliary and against Dr. Steve Ramsay on the Auxiliary's claim against Dr. Ramsay for his failure to adduce evidence in support of excused performance. See Ex parte General MotorsCorp., 769 So.2d 903, 909 (Ala. 1999) ("`The manner in which the movant's burden of production is met depends upon which party has the burden of proof . . . at trial.'"), quoting with approval Justice Houston's special concurrence in Berner v. Caldwell, 543 So.2d 686, 691 (Ala. 1989). Here, the Auxiliary adequately shouldered its burden as to all matters as to which it had the burden of proof at trial. Dr. Ramsay failed to respond to the motion for a summary judgment by adducing evidence as to which he had the burden of proof at trial.
Likewise, the majority, in affirming the summary judgment in favor of Grove Hill Memorial Hospital on Dr. Ramsay's claim against it, correctly imposed on Dr. Ramsay the consequences of his failure to offer evidence to establish a contract subject to the affirmative defense of the Statute of Frauds when a contract is incapable of being performed in one year (§ 8-9-2(1), Ala. Code 1975) and his failure to offer evidence of having executed the contract. On these issues, Dr. Ramsay had the burden of proof at trial and therefore had the burden of creating a genuine issue of material fact so as to defeat the summary judgment.General Motors, supra.
I agree with the majority's rejection of the doctrine of estoppel. This case is not the first occasion to deal with the effect of overly broad language in Dean v. Myers, 466 So.2d 952 (Ala. 1985). See Durham v.Harbin, 530 So.2d 208, 213-14 (Ala. 1988). *Page 158