Warehouse contends that Lacy's failure to point out to the trial court the discrepancy between the two addresses used in its mailings to her prevents her from relying on that discrepancy on appeal. Warehouse overlooks its obligation to make a prima facie showing that it is entitled to the summary judgment it seeks. Ex parte General MotorsCorp., 769 So.2d 903 (Ala. 1999).
 "`The manner in which the movant's burden of production is met depends upon which party has the burden of proof . . . at trial. If the movant has the burden of proof at trial, the movant must support his motion with credible evidence, using any of the materials specified in Rule 56(c), [Ala.] R. Civ. P. . . . The movant's proof must be such that he would be entitled to a directed verdict if this evidence was not controverted at trial.
 "`If the burden of proof at trial is on the nonmovant, the movant may satisfy the Rule 56 burden of production either by submitting affirmative evidence that negates an essential element in the nonmovant's claim or, assuming discovery has been completed, by demonstrating to the trial court that the nonmovant's evidence is insufficient to establish an essential element of the nonmovant's claim. . . .'"
769 So.2d at 909 (quoting Berner v. Caldwell, 543 So.2d 686, 691 (Ala. 1989) (Houston, J., concurring specially)). On the record before us, Warehouse never successfully shifted the burden to Lacy. Hence, Lacy's perceived shortcomings in opposing the summary-judgment motion are not material.