48 A.3d 1210

B.R., PLAINTIFF, v. ANITA VAUGHAN, M.D., NEWARK COMMUNITY HEALTH CENTER, INC., STATE OF NEW JERSEY, DEPARTMENT OF HEALTH AND SENIOR SERVICES, DIVISION OF EPIDEMIOLOGY, ENVIRONMENTAL AND OCCUPATIONAL HEALTH AND SERVICES, DIVISION OF HIV/AIDS SERVICES, ET AL., DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided April 18, 2012.

*Judith E. Collins,* Deputy Attorney General, for the defendants (*Jeffrey S. Chiesa,* Attorney General, attorney).

*Todd Drayton* for the plaintiff (*Martin, Kane & Kuper,* attorneys).

LE BLON, J.S.C.

This case comes before the court on a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. It appears that this motion has highlighted a unique issue of law, as there are no applicable New Jersey decisions that directly address the duty of State agencies and/or their employees

to notify a person of their partner's HIV/AIDS status when the infected individual is a client or patient of that agency or their employee.

Plaintiff had a long-term relationship with an individual named D.D., which ended in April 2010. Following the end of the relationship, plaintiff discovered that D.D. had tested positive for the human immunodeficiency virus ("HIV") in or about December 1993, and that he had infected her with the virus at some point in 2010.

Plaintiff brought suit against defendants Anita Vaughan, Newark Community Health Center, the State of New Jersey, Department of Health and Senior Services, Division of Epidemiology, Environmental and Occupational Health and Services, and the Division of HIV/AIDS Services. Plaintiff alleges that defendants "knew, or should have known, of [D.D.'s] infection and, as such, owed a duty to plaintiff to notify her that she was at risk to contract this disease." Plaintiff further alleges that the actions of defendants were reckless, willful, and wanton.

Defendants moved to dismiss, arguing that there was no duty to disclose D.D.'s HIV status as the State is constrained by the rules and regulations which generally preclude disclosure without written consent. *See N.J.S.A.* 26:5C–7 and *N.J.S.A.* 26:5C–8. Defendants submit that there is no allegation that this authorization was ever provided.

Conversely, plaintiff argues that she pled sufficient facts in her amended complaint to put defendants on notice of her liability claims against them. Plaintiff further submits that the Appellate Division imposes an affirmative duty to "prevent exposing another to a contagious or infectious disease," especially with regard to HIV and AIDS, which the State has determined to be of paramount public importance. *Earle v. Kuklo,* 26 *N.J.Super.* 471, 475, 98 *A.*2d 107 (App.Div.1953) (quoting 25 *Am.Jur., Health,* § 45, p. 318). In support of this contention, plaintiff points to the "Notification Assistance Program" in the State, and argues that its

principle objective is to elicit contacts of HIV positive individuals for the purpose of notifying them of potential exposure.

Upon a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is "searched to determine if a cause of action can be found within its four corners." *Van Natta Mechanical Corp. v. Di Staulo*, 277 *N.J.Super.* 175, 180, 649 *A.*2d 399 (App.Div.1994). Where a plaintiff fails to allege facts sufficient to support a claim for relief, the complaint should be dismissed. *Camden County Energy Recovery Assoc., L.P. v. N.J. Dep't of Envtl. Prot.*, 320 *N.J.Super.* 59, 64, 726 *A.*2d 968 (App.Div.1999), *aff'd o.b.*, 170 *N.J.* 246, 786 *A.*2d 105 (2001).

Essentially, the issue before the court is whether defendants had a duty to notify plaintiff that she was at risk of exposure to the HIV virus from contact with D.D. This case is governed by the applicable statutes, namely *N.J.S.A.* 26:5C-7 to -9 and *N.J.S.A.* 26:5C-14.

In 1989, the New Jersey Legislature enacted the relevant law concerning the acquired immune deficiency syndrome ("AIDS"). *L.* 1989, *c.* 303, § 3. *N.J.S.A.* 26:5C-7 provides for the confidentiality of AIDS and HIV infection records and information. The records "about a person who has or is suspected of having AIDS or HIV infection is confidential and shall be disclosed only for the purposes authorized by this act." *N.J.S.A.* 26:5C-7(h). Disclosure is only permitted with the "prior written consent of the person who is the subject of the record." *N.J.S.A.* 26:5C-8. If the prior written consent is not obtained, the records may not be disclosed except to qualified personnel, the Department, or by court order. *N.J.S.A.* 26:5C-8 to -9. Pursuant to the statute, unauthorized disclosure of the name of the person who has or is suspected of having an HIV or AIDS infection may result in a civil action for appropriate damages, including attorney's fees and even punitive damages "when the violation evidences wantonly reckless or intentionally malicious conduct." *N.J.S.A.* 26:5C-14 (a).

Furthermore, the court has also reviewed the rules and regulations regarding reporting of HIV and AIDS infection as set forth by the Commissioner pursuant to *N.J.S.A.* 26:5C–24. While *N.J.A.C.* 8:57–1.1 provides a scheme for dealing with infectious and communicable diseases, it does not have application to this case, which deals with HIV and AIDS infections. Unless otherwise provided in the statute, individuals infected with HIV or AIDS have the protection of confidentiality under the law. Moreover, the purported reporting regulations, *N.J.A.C.* 8:57–2.1 to –2.12, do not require notification of an HIV positive status to an outsider, but rather require a positive status be reported to the State and its agencies so that the virus can be better tracked and services may be offered to infected individuals. Plaintiff has not cited to, nor has the court found any in reviewing all of the applicable regulations, a duty on the part of the State, its agents, or employees to report an HIV positive status to a third party such as a long-term partner. Thus, this court cannot impose upon the State such a duty based upon the cited regulations dealing with either general diseases or specifically with HIV and AIDS, especially where there is a mandate of confidentiality in these types of cases.

Therefore, I find that defendants had no statutory or common-law duty to notify plaintiff that she was at risk of contracting the HIV virus from D.D. Plaintiff has provided no evidence that D.D. gave written authorization for the disclosure of his HIV status. In fact, it should be noted that plaintiff provided an affidavit signed by D.D. regarding his interaction with defendants, and noticeably absent was any indication that he provided this required authorization for disclosure. Without prior written permission, defendants would be liable for an unauthorized disclosure and may be responsible for significant civil damages had they attempted to contact plaintiff. Moreover, defendants logically could not notify plaintiff that she was at risk of contracting HIV from D.D. without informing her of his test results.

The court also finds that plaintiff's reliance on *Earle v. Kuklo* is misguided. The *Earle* case was decided thirty-six years prior to the enactment of New Jersey's laws on HIV and AIDS disclosure, and approximately twenty-eight years before the discovery of the virus. *Earle, supra,* 26 *N.J.Super.* at 471, 98 *A.*2d 107. Furthermore, *Earle* involved the infection of tuberculosis, a disease for which there is a statute placing an affirmative duty to report upon a house owner or householder. *Id.* at 475, 98 *A.*2d 107 (citing to *N.J.S.A.* 26:4–16). Finally, the holding in *Earle* supports a cause of action against a person who negligently exposes another to an infectious or contagious disease. *Ibid.* Applying this holding to the facts of this case, *Earle* supports a cause of action against D.D. for negligently exposing plaintiff to HIV, but does not require an extension of this duty to report to defendants—state agencies bound by the HIV/AIDS confidentiality laws of New Jersey. However, the court has considered, for persuasive weight only, the Texas Supreme Court case *Santa Rosa Health Care Corp. v. Garcia,* 964 *S.W.*2d 940 (Tex.1998), where the court held that the defendant health care center had no statutory or common law duty to notify Garcia that she was at risk of contracting the HIV virus.

Therefore, not only did defendants have no duty to disclose D.D.'s HIV status to plaintiff, but they were actually prohibited from doing so by New Jersey law. Defendants were also not under any common-law duty to notify plaintiff, as again, any such notice would violate the statute. The court finds that plaintiff's pleading fails to state a claim upon which relief can be granted even when searching liberally as there is no duty upon which the claim can be based. Accordingly, defendants' motion to dismiss plaintiff's complaint with prejudice for failure to state a claim is granted.