KENNEDY, Justice.
The Court of Civil Appeals, without opinion, affirmed a summary judgment in favor of the defendants State Farm Mutual Automobile Insurance Company (“State Farm”), Aetna Casualty and Surety Company (“Aet-na”), Kenneth Kimbrough, and Wilburn Baker.[1] Jamar v. Kimbrough, 682 So.2d 516 (Ala.Civ.App.1996) (table). We granted cer-tiorari review in order to examine the record to determine whether, as the plaintiffs, Raymond Jamar and Joyce Hatchett Jamar, asserted in their certiorari petition, they had produced substantial evidence in support of their claims against Kimbrough and Baker.
It is undisputed that if the summary judgment was proper as to Kimbrough and Baker, then it was also proper as to the defendant insurers, State Farm and Aetna.
At issue, in pertinent part, is whether Kim-brough and Baker were “agents” under the “control and direction” of a third-party tort-feasor at the time of the incidents complained of. If so, then Kimbrough and Baker have been released from liability by the Jamars under the terms of a settlement agreement, and the summary judgment would be proper.
Both Kimbrough and Baker, in support of their summary judgment motions, produced affidavit testimony indicating that they were agents of and under the control and direction of the tortfeasor. Because the Jamars offered no evidence to refute this testimony, we hold that the summary judgment was proper as to Kimbrough and Baker.
A summary judgment is proper where there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. See Ala.R.Civ.P. 56; Berner v. Caldwell, 543 So.2d 686 (Ala.1989). If the movant makes a prima facie showing of the absence of a genuine issue of material fact, then the burden shifts to the nonmovant to rebut this showing by “substantial evidence.” “Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
The following facts are undisputed:
In April 1992, Trenton James, a majority owner of Valley Manufactured Homes, Inc. (“Valley”), hired Baker to assist him in transporting a “double-wide” manufactured home. James was to tow one-half of the home and Baker was to tow the other half. Also, Baker was to secure and pay “escorts” to ride ahead of James and Baker’s transport trucks. Kimbrough was retained by Baker to escort James’s truck.
While James was transporting his half of the home, he noticed a problem with his side mirror and radioed Kimbrough that he, James, would need to pull of the road. Kim-brough pulled off the road and then, apparently deciding that he had not chosen a good location for the pair to stop, pulled back onto the road. When he pulled back onto the road, James swerved to avoid hitting him, but collided with a vehicle driven by Raymond Jamar.
Raymond Jamar suffered bodily injury in the collision. He sued James and Valley, *881 based on Ms injuries. His -wife, Joyce Jamar, also sued, claiming a loss of consortium. Ultimately they settled their claims against James and Valley, executing a full release in favor of those defendants. This release also purported to release from any liability related to the accident, “Kenneth Earl Kim-brough [and] Wilburn Baker” to the extent that they were acting “under the direction and control of Valley Manufactured housing and/or Trenton James” as their “agents, servants or employees” or “independent contractor[s],” at the time of the accident. •
Kimbrough and Baker were also made defendants, along with State Farm and Aetna. Kimbrough and Baker moved for a summary judgment on the basis that they “were agents of Trenton James” at the time of the accident.[2] The Jamars concede that in support of their summary judgment motion Kim-brough and Baker presented affidavit testimony “which stated that they were under the direction and control of Trenton James as his agent.”[3] In response, the Jamars assert that they presented the testimony of James, wMch they characterize as presenting “substantial evidence that Baker and Kimbrough were not employees of Trenton James and Valley and therefore were not released.” (Emphasis added.)
We agree that tMs testimony would support the contention that Kimbrough and Baker were not “employees” of James or Valley. However, neither this contention, nor James’s testimony, in any way refutes Kim-brough and Baker’s statements that they were acting as agents under the direction and control of James. As we have suggested, in the absence of any evidence they were not such agents, we must conclude that Kim-brough and Baker were released under the terms of the settlement agreement.
As stated, it is undisputed that if the summary judgment was proper as to Kimbrough and Baker, then it was proper also as to the insurers, State Farm and Aetna. We therefore affirm the judgment for all of these defendants.
AFFIRMED.
HOOPER, C.J., and MADDOX, ALMON, SHORES, HOUSTON, COOK, and BUTTS, JJ., concur.

. State Farm and Aetna moved for summary judgments individually. Kimbrough and Baker filed a joint motion.

. The Jamars incorrectly state that Kimbrough and Baker asserted as the basis of their summary judgment motion that they were acting as individuals at the time of the accident. This is in no way a fair reading of their motion for a summary judgment. See C. R. 74.

. There is no indication that this testimony was objected to in the trial court.